No. **23 - 797**

# In The United States District Court for the District of Delaware

THE EXCELLENT THE EXCELLENT RAJ K. PATEL,
from all capacities,

*Plaintiff*

v.

ALPHABET INC. and GOOGLE LLC.,

*Defendants.*

## NEW CIVIL ACTION

### *PRO SE* **COMPLAINT**

T.E., T.E. Mr. Raj K. Patel, AA, BA (Rama CCCX) (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
rajp2010@gmail.com
raj@rajpatel.live
www.rajpatel.live
317-450-6651

July 19, 2023

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities,<br><br>*Plaintiff*<br><br>v.<br><br>ALPHABET INC. and GOOGLE LLC.,<br><br>*Defendants* | No. _____<br><br>Dated: July 19, 2023 |

## *PRO SE* **COMPLAINT**

1. **Jurisdiction.** Jurisdiction is proper in this because parties on each side are from different states, and Plaintiff's injuries demand is over $75,000.00.  28 U.S.C. § 1332.

## **PARTIES**

PLAINTIFF: CITIZEN OF INDIANA:

> **Raj Patel**
> 6850 East 21st Street
> Indianapolis, IN 46219
> 317-450-6651
> raj@rajpatel.live
> rajp2010@gmail.com

DEFENDANTS, CITIZENS OF DELAWARE:

> **ALPHABET INC.**
> 1600 Amphitheatre Pkwy
> Mountain View, CA 94043
>
> **GOOGLE LLC**
> 1600 Amphitheatre Pkwy
> Mountain View, CA 94043

## **WELL-PLEADED COMPLAINT STANDARDS**

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

## STATEMENT OF FACTS

I.   Defendant promised, as master of the offer, Plaintiff that it would provide Plaintiff with the requested information by Plaintiff.  Defendant breached the contract because it failed to provide Plaintiff with information that it agreed to have for the consideration.

II.  I, Raj K. Patel (Rama CCCX), the Plaintiff (*pro se*), am a citizen of Indianapolis, Indiana.

   A. From 2009-2010, I was the Student Body President of the Brownsburg Community School Corporation ("B.C.S.C.") (corporate sovereign 2009-present) in Brownsburg, Indiana.

   B. From 2013-2014, I was the Student Government Association President of Emory University, Inc. (corporate sovereign 2013-present) in Atlanta, Georgia.

   C. In addition to my styles/titles, through my heritage, by my blood/legal-parents, I am Top 1% of Americans, in terms of income and cash-on-hand.

   D. Patel is descendant of South Asian-Indian immigrants and practices Hinduism, an Old Religion in which caste information is a central tenant, including for each practitioner's erotic religious pleasure.  I.C. § 34-13-9-5.

   E. Patel is a Leva Patel who is a descendent of King Rama's old twin-son King Luva.  Patel is protected as a person of social and political origin under international law and treaties. Patel is varna *rajan kshatriya* as a part of the *chh gam gol* (Sojitra) Leva Patidar Samaj.

      F.    Therefore, Patel is a religious minority which the Government of India, the same government that awarded Sundar Pichai the Padma Bushan, is accused of pursuing.

III.    Defendant-Alphabet Inc. is a citizen of the State of Delaware.

      A.    Alphabet is a body and corporate politic under the Indiana Religious Freedom Restoration Act.

      B.    The President is Kent Walker.

      C.    The CEO, Sundar Pichai, publicly identifies as Hindu.

IV.    Defendant-Google LLC is a citizen of the State of Delaware.

      A.    Google is a body and corporate politic under the Indiana Religious Freedom Restoration Act.

      B.    Google is regulated by the United States and is quasi-governmental.

      C.    Google, a subsidiary under Alphabet, is an international corporation which answers and appeases the politics of various countries.

      D.    The CEO, the same Sundar Pichai, publicly identifies as Hindu.

V.    I have been under the constant lawless use of a stress weapon, which causes stress and physical and mental incapacitations and adversities. See Compl., Patel v. United States, No. 1:21-cv-1446-LAS (Fed. Cl. 202_). See also Patel v. United States, No. 22-7472 (U.S. 202_).

VI.    A couple of weeks ago before filing the original complaint in August 2022, while preparing my petition for a writ of certiorari Supreme Court brief, I searched the caste background of a couple of people, including but not limited to H.E. Rishi Sunak.

VII.    I noticed that no reliable source was found over Google and other search engines.

VIII.    Being a scholar and researcher in politics and religion, I knew this was unusual.

IX.    I also needed this information for my social and political interests with Rishi Sunak, which is kept public. Int'l Covenant on Civ. & Pol. Rts (mandatorily effective 1992). Int'l Convention on the Rts. of the Child (1989) (mandatory executive agreement).

X.    I noticed that Google's privacy policy censures things which it considers to be subject to its privacy policy, including information of public figures or religious information.

XI.    Google's privacy policy, which regulates, its search engine interfered and burdened by religious free exercise of Hindu varna casteism and erotic, religious pleasure.

XII.    I have been a lifelong user of Google, including its search engine, Gmail, and Google Docs, and Admin Console for the domain [www.rajpatel.live](www.rajpatel.live), which I bought from Google.com and hosted by GoDaddy. My free Gmail account is [rajp2010@gmail.com](mailto:rajp2010@gmail.com).

XIII.    I agree to use Google's services for the consideration to help improve its services and benefits its relationships and offers and acceptance we have agreed to in-fact and in-law. *See* Ex. B.

XIV.    Sexual freedoms and liberation have always been important to me, including which are certainly to my life, political, and social experiences.

XV.    Google adheres to GNI Principles which violate religious free exercise, especially with the presentation of information. [https://globalnetworkinitiative.org/gni-principles/](https://globalnetworkinitiative.org/gni-principles/).

XVI.    Google's Terms of Service – Respect Others indicates that it restricts information which can defame a person. *See* Ex. A.

XVII.    Google's other moderation and information policies affect our contract.

XVIII.    Google's spinning, censorship, regulation, and moderation of caste information, throughout the globe, affects my religious free exercise, including religious-erotic pleasure, and socializing.  Varna and caste information is the talk of town, including for each new leader.

XIX.    Alphabet, Inc. and Google LLC, alter egos, are responsible for censuring reliable sources of The Rt. Hon. Sunak's caste information through their corporate and business judgement and corporate affairs which includes Mr. Pichai receiving the Padma Bushan, indicating that Mr. Pichai, through Google, has helped New Delhi with its cultural revolution of censuring caste information, e.g. Hindu property is now located in Pakistan that belongs to Patel and his family.

    A.    Mr. Pichai, PB carries the Padma Bhushan (2022), which is the third-highest civil honor, received on December 3, 2022 by the Ambassador from India to the United States.  https://en.wikipedia.org/wiki/Sundar_Pichai.  The Padma Bushan is not a decoration in the Indian Order of Precedence. https://en.wikipedia.org/wiki/Bharat_Ratna.  The Padma Bhushan[1] is recommended by the Prime Minister of India to the President of India to aiding New Delhi's goals, yet unconstitutional-Indian and/or unconstitutional-United States.  India const. & U.S. const.

XX.    This complaint to this District of Delaware follows.

## CLAIMS

All paragraphs from above are incorporated into this section.  All of the following claims may be read together, in groups, or individually and each permutation.

---

1. "The award is conferred for 'distinguished service of a high order...without distinction of race, occupation, position or sex.' The criteria include 'service in any field including service rendered by Government servants' but exclude those working with the public sector undertakings, with the exception of doctors and scientists." See https://en.wikipedia.org/wiki/Padma_Bhushan#Regulations.

All claims are also additionally premised on and aided by Int'l Covenant of Civ. & Pol. Rts. (effective 1992) (mandatory authority); United Nations Convention on the Rts. of the Child, Pt. 1, arts. 16 & 27(1) (effective 1995) (kid's own status) (mandatory executive agreement); Convention Against Torture & Other Cruel, Inhuman or Degrading Treatment or Punishment (effective 1966) (mandatory authority); Int'l Convention on the Elimination of All Forms of Racial Discrimination (effective 1994) (mandatory authority); and Int'l Covenant on Econ., Soc. & Cultural Rts. (effective 1977) (mandatory executive agreement).

**CLAIM A / DEFENSE A – Breach of Contract (Frustrate the Purpose) – Defendants (together or individually) breached the contract when it caused unavailability of the information that Defendants promised Plaintiff that it would have and make available to the Plaintiff.  In addition, Defendants influenced Patel and Sunak's social and political interaction by frustrating the purpose of their contract/promise.**

   a. Breach the Treaty of Paris (1783).  42 U.S.C. § 1981.

   b. Hertzler, James R. "Who Dubbed It 'The Glorious Revolution?'" *Albion: A Quarterly Journal Concerned with British Studies*, vol. 19, no. 4, 1987, pp. 579–85. *JSTOR*, https://www.jstor.org/stable/4049475. p. 582. (Google's motive to breach was its corporate affairs of winning honors from New Delhi, possibly influenced by its Ministry on the Indian Diaspora) (who writes the rules).

   c. <u>Vectrus Servs. A/S v. United States</u>, 164 Fed. Cl. 693, 767 (2023) (citing <u>Valentine v. United States ex rel. Neidecker</u>, 299 U.S. 5, 10 (1936) ("Moreover, the Supreme Court explained that "[i]t is a familiar rule that the obligations of treaties should be liberally construed so as to give effect

to the apparent intention of the parties.")) (citing Restatement (Third) of Foreign Relations Law).

d. <u>Baltimore & Ohio R.R. Co.</u>, 261 U.S. at 597-98 ("Such an agreement will not be implied unless the meeting of minds was indicated by some intelligible conduct, act or sign.") (in the light of surrounding circumstances).

e. Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

f. Int'l Covenant on Civil and Political Rights (effective in 1992)

g. Int'l Convention on the Rts. of the Child (1989) (mandatory executive agreement).

h. Relief:

    i. Dollar amount for loss of opportunity in money.

    ii. Dollar amount in money.

    iii. Punitive damages in money.

    iv. Consequential damages in money.

    v. Compensation damages in money.

    vi. Actual damages in money.

    vii. Extreme Emotional Distress.

    viii. Parasitic Damages.

    ix. All other forms of damages in money.

**CLAIM B / DEFENSE B – Contract-Frustrate the Purpose – In addition, Defendants influenced Patel and Sunak's social and political interaction by frustrating the purpose of their contract because the consideration included the right to access caste information that is noteworthy for gossiping, general talking, and general profile information for social and political information.**

    a. Breach the Treaty of Paris (1783). 42 U.S.C. § 1981.

    b. Hertzler, James R. "Who Dubbed It 'The Glorious Revolution?'" *Albion: A Quarterly Journal Concerned with British Studies*, vol. 19, no. 4, 1987, pp. 579–85. *JSTOR*, https://www.jstor.org/stable/4049475. p. 582. (Google's motive to breach was its corporate affairs of winning honors from New Delhi, possibly influenced by its Ministry on the Indian Diaspora) (who writes the rules).

    c. <u>Vectrus Servs. A/S v. United States</u>, 164 Fed. Cl. 693, 767 (2023) (citing <u>Valentine v. United States ex rel. Neidecker</u>, 299 U.S. 5, 10 (1936) ("Moreover, the Supreme Court explained that "[i]t is a familiar rule that the obligations of treaties should be liberally construed so as to give effect to the apparent intention of the parties.")) (citing Restatement (Third) of Foreign Relations Law).

    d. <u>Baltimore & Ohio R.R. Co.</u>, 261 U.S. at 597-98 ("Such an agreement will not be implied unless the meeting of minds was indicated by some intelligible conduct, act or sign.") (in the light of surrounding circumstances).

    e. Indiana R.F.R.A., I.C. 34-13-9 *et seq*.

    f. Int'l Covenant on Civil and Political Rights (effective in 1992)

    g. Int'l Convention on the Rts. of the Child (1989) (mandatory executive agreement).

    h. Relief:

        x. Dollar amount for loss of opportunity in money.

        xi. Dollar amount in money.

        xii. Punitive damages in money.

      xiii.  Consequential damages in money.

      xiv.  Compensation damages in money.

      xv.  Actual damages in money.

      xvi.  Extreme Emotional Distress.

      xvii.  Parasitic Damages.

      xviii.  All other forms of damages in money.

**ALPHABET INC. & GOOGLE LLC ("Corporations")**

**CLAIM 1.** **Indiana RFRA, I.C. 34-13-9 *et seq.* – Corporations violated my central religious practice, which has caused the separation of states in Hindu plural India, of learning and knowing about the caste background of important figures, including ministers of Parliament, which might be used to defame them including here, in Indiana, over the Internet, and throughout the globe. The Corporations-imposed censorship effects my religious and erotic pleasure, and burdens my political free speech (all "said injury"). The Officers of the Corporations who are Hindu also forced their religious viewpoints on me. Indiana RFRA creates the duties; Corporations may not breach the duties; Corporations' breaches caused my injuries; thus, the Corporations are liable for my injuries and harm.**

    a.  U.S. const. amend. XIV.

    b.  Ordered Liberty.

    c.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*  42 U.S.C. § 1981.

    d.  Relief:

        i.  Dollar amount for loss of opportunity in money.

        ii.  Dollar amount in money.

        iii.  Punitive damages in money.

      iv. Consequential damages in money.

      v. Compensation damages in money.

      vi. Actual damages in money.

      vii. Extreme Emotional Distress.

      viii. Parasitic Damages.

      ix. All other forms of damages in money.

**CLAIM 2.**    **Cal. Corp. Statute § 2502.01 –** *see* **CLAIM 1.**

**CLAIM 3.**    **NRS 78.060 (2)(e) –** *see* **CLAIM 1.**

**CLAIM 4.**    **Fla. Stat. § 761.01** *et seq.* **–** *see* **CLAIM 1.**

**CLAIM 5.**    **Del. L. § 10102 –** *see* **CLAIM 1.**

**CLAIM 6.**    **Del. const. arts. 1 & IX –** *see* **CLAIM 1.**

**CLAIM 7.**    **OTHER STATE RFRA LAWS –** *see* **CLAIM 1:**

    a. **La. Rev. Stat. § 13:5231,** *et seq.,*

    b. **R.I. Gen. Laws § 42-80.1-1,** *et seq.,*

**CLAIM 8.**    **Extreme Emotional Distress (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – Corporations unduly exercised their political privileges and religious privileges which hindered my free religious exercise.**

    a. U.S. const. amend. XIV.

    b. Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c. Relief:

      i. Dollar amount for loss of opportunity in money.

      ii. Dollar amount in money.

      iii. Punitive damages in money.

      iv. Consequential damages in money.

      v. Compensation damages in money.

vi.   Actual damages in money.

vii.  Extreme Emotional Distress.

viii. Parasitic Damages.

ix.   All other forms of damages in money.

**CLAIM 9.    Parasitic Damages (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – Corporations knowingly took advanced of my physical and induced mental impairment and induced incapacities; Corporations prejudicially attacked my hormones. The said injury adds to my mental stress and my working out and focus on all other matters, including legal.**

a.   U.S. const. amend. XIV.

b.   Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

c.   Relief:

i.    Dollar amount for loss of opportunity in money.

ii.   Dollar amount in money.

iii.  Punitive damages in money.

iv.   Consequential damages in money.

v.    Compensation damages in money.

vi.   Actual damages in money.

vii.  Extreme Emotional Distress.

viii. Parasitic Damages.

ix.   All other forms of damages in money.

**CLAIM 10.   Negligent Entrustment (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – Alphabet Inc. should not have trusted Google to enact its own political and social policy which intersects with Old Religious practices, particularly of Hinduism.**

    a.  U.S. const. amend. XIV.

    b.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c.  Relief:

        i.  Dollar amount for loss of opportunity in money.

        ii.  Dollar amount in money.

        iii.  Punitive damages in money.

        iv.  Consequential damages in money.

        v.  Compensation damages in money.

        vi.  Actual damages in money.

        vii.  Extreme Emotional Distress.

        viii.  Parasitic Damages.

        ix.  All other forms of damages in money.

**CLAIM 11.  Respondent Superior (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – Alphabet should also be held responsible for Google's actions because it is the alter ego.**

    a.  U.S. const. amend. XIV.

    b.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c.  Relief:

        i.  Dollar amount for loss of opportunity in money.

        ii.  Dollar amount in money.

        iii.  Punitive damages in money.

        iv.  Consequential damages in money.

        v.  Compensation damages in money.

        vi.  Actual damages in money.

        vii.  Extreme Emotional Distress.

      viii.  Parasitic Damages.

      ix.  All other forms of damages in money.

**CLAIM 12.  Intentional Infliction of Emotional Distress (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – Google, headed by a Hindu, knew that this policy would affect religious practices. Because of my current mental state with my induced stress, the said injury effects my working out and focus on all other matters, including legal.**

    a.  U.S. const. amend. XIV.

    b.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c.  Relief:

      i.  Dollar amount for loss of opportunity in money.

      ii.  Dollar amount in money.

      iii.  Punitive damages in money.

      iv.  Consequential damages in money.

      v.  Compensation damages in money.

      vi.  Actual damages in money.

      vii.  Extreme Emotional Distress.

      viii.  Parasitic Damages.

      ix.  All other forms of damages in money.

**CLAIM 13.  Impossibility – Breach of Confidence and Trust (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – The services rendered by Google are meant to give privacy but filing of this lawsuit has caused a necessary breach of confidence that was impossible to adhere.** *See* **Claim 14 (good faith breach; possible anti-trust behavior).**

    a.  U.S. const. amend. XIV.

13

   b.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

   c.  Relief:

      i.  Dollar amount for loss of opportunity in money.

      ii.  Dollar amount in money.

      iii.  Punitive damages in money.

      iv.  Consequential damages in money.

      v.  Compensation damages in money.

      vi.  Actual damages in money.

      vii.  Extreme Emotional Distress.

      viii.  Parasitic Damages.

      ix.  All other forms of damages in money.

**CLAIM 14.    Breach of Good Faith & Fair Dealing (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – I have an implied-in-fact and/or implied-in-law contract with the Corporations, especially Google, and I cannot fairly use the "enjoyment of full benefits" of the contract is also a property right created by the delivery of the court documents services. Corporations, especially Google, gets ad revenues for me using its services and other things in Ex. A & B; Corporations had a legal duty not to interfere with my religious practices; Corporations' breaches of duties caused its injuries; and Corporations are thus liable for damages.    In addition, Corporations did not act in good faith to uphold our contract because it did not act any better than other major search engines, such as Bing.com, DuckDuckGo.com, and Yahoo.com. *See* Claims 15-21.**

   a.  U.S. const. amend. XIV.  *See also* 42 U.S.C. § 1981.

   b.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

   c.  Relief:

    i.   Dollar amount for loss of opportunity in money.

    ii.   Dollar amount in money.

    iii.   Punitive damages in money.

    iv.   Consequential damages in money.

    v.   Compensation damages in money.

    vi.   Actual damages in money.

    vii.   Extreme Emotional Distress.

    viii.   Parasitic Damages.

    ix.   All other forms of damages in money.

**CLAIM 15.** **Breach of Express Contract (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – Corporations, especially Google, gets ad revenues for me using its services and other things in Ex. A & B; Corporations had a legal duty not to interfere with my religious practices; Corporations' breaches of duties caused its injuries; and Corporations are thus liable for damages. Corporations also had a legal duty not to interfere with my right to bear arms, especially under the constitutions of Delaware and Indiana and the United States constitution as incorporated; Corporations breached its duty when it censored, regulated, spined, and moderated caste information, especially since casteism is invasive and religious intoxicating and prone to reduce the free will of the targets its used on, even for the reasonable person, according to psychology; Corporations breaches caused said injury; and Corporations are thus liable for damages. Corporations had a legal duty not to interfere with my protected political rights to socialize with the knowledge of caste as embedded in the Privileges and/or Immunities Clauses of the United States Constitutions; Corporations breached its duty when it censored, regulated, spined, and moderated caste**

information; Corporations caused such injury; and Corporations are thus liable for damages.

    a. U.S. const. amend. XIV. *See also* 42 U.S.C. § 1981.

    b. Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c. Relief:

        i. Dollar amount for loss of opportunity in money.

        ii. Dollar amount in money.

        iii. Punitive damages in money.

        iv. Consequential damages in money.

        v. Compensation damages in money.

        vi. Actual damages in money.

        vii. Extreme Emotional Distress.

        viii. Parasitic Damages.

        ix. All other forms of damages in money.

**CLAIM 16.** **Breach of Implied-in-Law Contract (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) –** *See* **Claim 15.**

    a. U.S. const. amend. XIV. *See also* 42 U.S.C. § 1981.

    b. Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c. Relief:

        i. Dollar amount for loss of opportunity in money.

        ii. Dollar amount in money.

        iii. Punitive damages in money.

        iv. Consequential damages in money.

        v. Compensation damages in money.

        vi. Actual damages in money.

       vii.  Extreme Emotional Distress.

      viii.  Parasitic Damages.

       ix.  All other forms of damages in money.

**CLAIM 17.** *Quantum meruit* **(Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – I have provided services to Google which it needs, including to remain duly law abiding and things described in Claim 15.**

    a.  U.S. const. amend. XIV. *See also* 42 U.S.C. § 1981.

    b.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c.  Relief:

        i.  Dollar amount for loss of opportunity in money.

       ii.  Dollar amount in money.

      iii.  Punitive damages in money.

      iv.  Consequential damages in money.

       v.  Compensation damages in money.

      vi.  Actual damages in money.

      vii.  Extreme Emotional Distress.

      viii.  Parasitic Damages.

       ix.  All other forms of damages in money.

**CLAIM 18.**  **Quasi-Contract (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) –** *See* **Claim 17.**

    a.  U.S. const. amend. XIV. *See also* 42 U.S.C. § 1981.

    b.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c.  Relief:

        i.  Dollar amount for loss of opportunity in money.

       ii.  Dollar amount in money.

      iii.  Punitive damages in money.

      iv.  Consequential damages in money.

      v.  Compensation damages in money.

      vi.  Actual damages in money.

      vii.  Extreme Emotional Distress.

      viii.  Parasitic Damages.

      ix.  All other forms of damages in money.

**CLAIM 19.  Constructive Contract (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) –** *See* **Claim 15-18 & 20-22.**

    a.  U.S. const. amend. XIV. *See also* 42 U.S.C. § 1981.

    b.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c.  Relief:

      i.  Dollar amount for loss of opportunity in money.

      ii.  Dollar amount in money.

      iii.  Punitive damages in money.

      iv.  Consequential damages in money.

      v.  Compensation damages in money.

      vi.  Actual damages in money.

      vii.  Extreme Emotional Distress.

      viii.  Parasitic Damages.

      ix.  All other forms of damages in money.

**CLAIM 20.  Unjust Enrichment (Indiana) – Corporations rationale decision to appease anti-casteist and the populist powers and players in its business and consumer base has unjustly caused the said harm to me; the rationale decision is one made with spirituality and religion rather than with Reason, as shown in its various information**

management policies. To uphold goodness, Humanism, and the national conscience, Corporations should be prevented from making an unjust enrichment, which is at the harm of said harm to me.

    a. U.S. const. amend. XIV. *See also* 42 U.S.C. § 1981.

    b. Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c. Relief:

        i. Dollar amount for loss of opportunity in money.

        ii. Dollar amount in money.

        iii. Punitive damages in money.

        iv. Consequential damages in money.

        v. Compensation damages in money.

        vi. Actual damages in money.

        vii. Extreme Emotional Distress.

        viii. Parasitic Damages.

        ix. All other forms of damages in money.

**CLAIM 21. Unjust Enrichment (New York) – Corporations rationale decision to appease anti-casteist and the populist powers and players in its business and consumer base has unjustly caused the said harm to me; the rationale decision is one made with spirituality and religion rather than with Reason, as shown in its various information management policies. To uphold goodness, Humanism, and the national conscience, Corporations should be prevented from making an unjust enrichment, which is at the harm of said harm to me.**

    a. *See e.g., Sperry v. Crompton Corp.,* 863 N.E.2d 1012 (N.Y. 2007).

    b. U.S. const. amend. XIV. *See also* 42 U.S.C. § 1981.

    c. Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

d. Relief:

    i. Dollar amount for loss of opportunity in money.

    ii. Dollar amount in money.

    iii. Punitive damages in money.

    iv. Consequential damages in money.

    v. Compensation damages in money.

    vi. Actual damages in money.

    vii. Extreme Emotional Distress.

    viii. Parasitic Damages.

    ix. All other forms of damages in money.

**CLAIM 22.   Unjust Enrichment (California, New Jersey, Nevada, and Delaware) – Corporations rationale decision to appease anti-casteist and the populist powers and players in its business and consumer base has unjustly caused the said harm to me; the rationale decision is one made with spirituality and religion rather than with Reason, as shown in its various information management policies.   To uphold goodness, Humanism, and the national conscience, Corporations should be prevented from making an unjust enrichment, which is at the harm of said harm to me.**

a. U.S. const. amend. XIV. *See also* 42 U.S.C. § 1981.

b. Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

c. Relief:

    i. Dollar amount for loss of opportunity in money.

    ii. Dollar amount in money.

    iii. Punitive damages in money.

    iv. Consequential damages in money.

    v. Compensation damages in money.

      vi.  Actual damages in money.

     vii.  Extreme Emotional Distress.

    viii.  Parasitic Damages.

     ix.  All other forms of damages in money.

**CLAIM 23.**  **Negligence – Contributory or Comparative – (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – All the Defendants share some sort of responsibility for the harm and injury ensued.**

    a.  U.S. const. amend. XIV.  *See also* 42 U.S.C. § 1981.

    b.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c.  Relief:

        i.  Dollar amount for loss of opportunity in money.

       ii.  Dollar amount in money.

      iii.  Punitive damages in money.

      iv.  Consequential damages in money.

       v.  Compensation damages in money.

      vi.  Actual damages in money.

     vii.  Extreme Emotional Distress.

    viii.  Parasitic Damages.

     ix.  All other forms of damages in money.

**CLAIM 24.**  **Tortious Interference (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – All of the Defendants directly or indirectly interfered in my contractual obligation with each other.**

    a.  U.S. const. amend. XIV.  *See also* 42 U.S.C. § 1981.

    b.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c.  Relief:

       i.  Dollar amount for loss of opportunity in money.

      ii.  Dollar amount in money.

    iii.  Punitive damages in money.

    iv.  Consequential damages in money.

     v.  Compensation damages in money.

    vi.  Actual damages in money.

   vii.  Extreme Emotional Distress.

  viii.  Parasitic Damages.

    ix.  All other forms of damages in money.

**CLAIM 25. Conversion (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – Google has functionally taken information from the public domain (non-rival and non-excludable) which I could have used as arms of caste information and as aggressive philosophy, including when there is social necessity, protected political rights, and justification.**

    a.  U.S. const. amend. XIV.

    b.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

    c.  Relief:

       i.  Dollar amount for loss of opportunity in money.

      ii.  Dollar amount in money.

    iii.  Punitive damages in money.

    iv.  Consequential damages in money.

     v.  Compensation damages in money.

    vi.  Actual damages in money.

   vii.  Extreme Emotional Distress.

  viii.  Parasitic Damages.

        ix.  All other forms of damages in money.

**CLAIM 26.**   **Adhesion (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – Corporations are of superior bargaining power which factors into the terms of our contracts, and the Terms of Services and Conditions and information ins Exs. A & B should not read to exempt Corporations from liability.**

      a.  U.S. const. amend. XIV.

      b.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

      c.  Relief:

          i.  Dollar amount for loss of opportunity in money.

          ii.  Dollar amount in money.

         iii.  Punitive damages in money.

         iv.  Consequential damages in money.

          v.  Compensation damages in money.

         vi.  Actual damages in money.

        vii.  Extreme Emotional Distress.

       viii.  Parasitic Damages.

         ix.  All other forms of damages in money.

**CLAIM 27.**   **Liability (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – Corporations qualify for liability to be paid to me. Liability should be calculated specifically per my social classes and as being rich and as a part of the Top 1% of Americans. Where appropriate, this should factor into duty, breach, and causation too.**

      a.  **Joint** – Since the harm is indivisible, the harm should be paid by each defendant.

      b.  **Severable** – Each Defendant should be liable for its portion.

    c.  **Joint & Severable** – Each Defendant should pay for the totality of harm it cost me.

    d.  U.S. const. amend. XIV. *See also* 42 U.S.C. § 1981.

    e.  Indiana R.F.R.A., I.C. 34-13-9 *et seq*.

    f.  Relief:

        i.  Dollar amount for loss of opportunity in money.

        ii.  Dollar amount in money.

        iii.  Punitive damages in money.

        iv.  Consequential damages in money.

        v.  Compensation damages in money.

        vi.  Actual damages in money.

        vii.  Extreme Emotional Distress.

        viii.  Parasitic Damages.

        ix.  Lots of stocks

        x.  All other forms of damages in money.

**CLAIM 28.**  *Res ipsa loquitur* **(Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) – Without each defendant the negligence and injuries would not have happened. Even if each defendant is not negligent, then my injury is still not explained. I did not put myself in harm's way.**

    a.  **Google:** Google designed and regulated the technology which regulates, spins, or censors caste information.

    b.  **Alphabet:** Alphabet has the parent corporation; its nonfeasance has caused this injury to my religious practice.

    c.  U.S. const. amend. XIV. *See also* 42 U.S.C. § 1981.

    d.  Indiana R.F.R.A., I.C. 34-13-9 *et seq*.

e. Relief:

  i. Dollar amount for loss of opportunity in money.

  ii. Dollar amount in money.

  iii. Punitive damages in money.

  iv. Consequential damages in money.

  v. Compensation damages in money.

  vi. Actual damages in money.

  vii. Extreme Emotional Distress.

  viii. Parasitic Damages.

  ix. All other forms of damages in money.

**CLAIM 29.  Caste Discrimination (common law "glory") – Google has made unavailable information that protected by the contract-at-hand social and political origin and the inherent rights of getting this information have been violated which is socially prejudicial to Patel's whose varna caste information is online but not vice versa because Google breached the contract and influenced Sunak and Patel's social and political interaction.**

a. Breach the Treaty of Paris (1783).

b. Hertzler, James R. "Who Dubbed It 'The Glorious Revolution?'" *Albion: A Quarterly Journal Concerned with British Studies*, vol. 19, no. 4, 1987, pp. 579–85. *JSTOR*, https://www.jstor.org/stable/4049475. p. 582. (Google's motive to breach was its corporate affairs of winning honors from New Delhi, possibly influenced by its Ministry on the Indian Diaspora) (who writes the rules).

c. <u>Vectrus Servs. A/S v. United States</u>, 164 Fed. Cl. 693, 767 (2023) (citing <u>Valentine v. United States ex rel. Neidecker</u>, 299 U.S. 5, 10 (1936)

("Moreover, the Supreme Court explained that "[i]t is a familiar rule that the obligations of treaties should be liberally construed so as to give effect to the apparent intention of the parties."")) (citing Restatement (Third) of Foreign Relations Law).

d. <u>Baltimore & Ohio R.R. Co.</u>, 261 U.S. at 597-98 ("Such an agreement will not be implied unless the meeting of minds was indicated by some intelligible conduct, act or sign.") (in the light of surrounding circumstances).

e. Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

f. Int'l Covenant on Civil and Political Rights (effective in 1992)

g. Int'l Convention on the Rts. of the Child (1989) (mandatory executive agreement).

h. Relief:

    i. Dollar amount for loss of opportunity in money.

    ii. Dollar amount in money.

    iii. Punitive damages in money.

    iv. Consequential damages in money.

    v. Compensation damages in money.

    vi. Actual damages in money.

    vii. Extreme Emotional Distress.

    viii. Parasitic Damages.

    ix. All other forms of damages in money.

**CLAIM 30. Fraudulent Concealment** – Defendants have hidden Sunak's varna and caste information even though they agreed to present the information to Plaintiff but Defendant knew that once Sunak is famous his caste information would be hidden,

possibly to aid Defendants own corporate affairs and goals, and Plaintiff did not know that Defendants have concealed or suppressed the fact and influenced Plaintiff's social and political goals, for glorious reasons the contract-at-hand were meant to ameliorate.

    a.  Breach the Treaty of Paris (1783).

    b.  Hertzler, James R. "Who Dubbed It 'The Glorious Revolution?'" *Albion: A Quarterly Journal Concerned with British Studies*, vol. 19, no. 4, 1987, pp. 579–85. *JSTOR*, https://www.jstor.org/stable/4049475. p. 582. (Google's motive to breach was its corporate affairs of winning honors from New Delhi, possibly influenced by its Ministry on the Indian Diaspora) (who writes the rules).

    c.  <u>Vectrus Servs. A/S v. United States</u>, 164 Fed. Cl. 693, 767 (2023) (citing <u>Valentine v. United States ex rel. Neidecker</u>, 299 U.S. 5, 10 (1936) ("Moreover, the Supreme Court explained that "[i]t is a familiar rule that the obligations of treaties should be liberally construed so as to give effect to the apparent intention of the parties.")) (citing Restatement (Third) of Foreign Relations Law.

    d.  <u>Baltimore & Ohio R.R. Co.</u>, 261 U.S. at 597-98 ("Such an agreement will not be implied unless the meeting of minds was indicated by some intelligible conduct, act or sign.") (in the light of surrounding circumstances).

    e.  Indiana R.F.R.A., I.C. 34-13-9 *et seq*.

    f.  Int'l Covenant on Civil and Political Rights (effective in 1992)

    g.  Int'l Convention on the Rts. of the Child (1989) (mandatory executive agreement).

    h.  Relief:

      i.  Dollar amount for loss of opportunity in money.

     ii.  Dollar amount in money.

    iii.  Punitive damages in money.

    iv.  Consequential damages in money.

     v.  Compensation damages in money.

    vi.  Actual damages in money.

   vii.  Extreme Emotional Distress.

  viii.  Parasitic Damages.

    ix.  All other forms of damages in money.

**CLAIM 31.   Causation (Indiana, Georgia, New York, California, New Jersey, Nevada, and Delaware) –**

    d.  **But For / Substantial Causal Factor –**

       i.  **Google:** Google is the entity that I used, and without their own doing, the information would not have been blocked.

      ii.  **Alphabet:** Alphabet is the parent company.

    e.  **Proximate Cause –**

       i.  **Google:** Google appeared on my screen and its privacy policy caused interfered with my religious rights.

      ii.  **Alphabet:** Alphabet's nonfeasance caused these injuries.

    f.  **Direct Cause –**

       i.  **Google:** Google is the direct cause of the injury.

      ii.  **Alphabet:** Alphabet accessorized Google and its policy in causing an religious and mental and other injuries to me.

    g.  U.S. const. amend. XIV. *See also* 42 U.S.C. § 1981.

    h.  Indiana R.F.R.A., I.C. 34-13-9 *et seq.*

   i. Relief:

       i. Dollar amount for loss of opportunity in money.

      ii. Dollar amount in money.

     iii. Punitive damages in money.

     iv. Consequential damages in money.

      v. Compensation damages in money.

     vi. Actual damages in money.

    vii. Extreme Emotional Distress.

   viii. Parasitic Damages.

    ix. All other forms of damages in money.

## DEMAND FOR RELIEF

WHEREFORE, The Excellent, The Excellent Raj K. Patel, with the interest further decency within our Nation and upholding our Constitution, asks this Indiana Superior Court to enter judgement in His Excellency, His Excellency's favor and grant either all or some of the following relief:

1. Relief described in the claims section above.

2. Award earned damages at $336,000,000.00 with treble damages. Ind. const. art. I, § 12. 42 U.S.C. §§ 1981 & 2000bb et seq.

3. Other remedies which the court might deem fit.


Respectfully submitted,



/s/ Raj K. Patel
Rama CCCX
T.E., T.E. Raj K. Patel, AA, BA*, JD Candidate** (*pro se*)
6850 East 21st Street

29

## CERTIFICATE OF SERVICE

In addition to service to the United States, I served the following individual via e-mail, Cal. Ct. E-Filing System, and USPS Mail on July 19, 2023:

**ALPHABET INC.**
**CORPORATE SERVICE COMPANY**
251 Little Falls Drive
Wilmington, DE 19808

**GOOGLE LLC**
**CORPORATE SERVICE COMPANY**
251 Little Falls Drive
Wilmington, DE 19808

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

31

Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

T.E. Mr. President/Student Body President, Student Gov't
Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-
present)
T.E. Mr. Student Body President, Brownsburg Cmty. Sch.
Corp./President, Brownsburg High Sch. Student Gov't
2009-2010 (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the
Ind. St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High
Sch. Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-
2010
Vice President of Fin. (Indep.), Oxford C. Republicans of
Emory U., Inc. 2011-2012

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y
of St. of the St. of Ind. 2014

**J.D. Candidate, Notre Dame L. Sch. (2015-17)

Volunteer, Barack Obama for America (2008)

Intern, Jill Long Thompson for Governor (2008)


*Political Science and Religion (*cum laude*), Emory University
Class of 2014