# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| IN THE MATTER OF | ) ) ) | No. 1:22-mc-00024-TWP |
| RAJ PATEL | ) ) ) |  |

### ORDER RESTRICTING NEW FILINGS

This matter is before the Court on its responsibility to deter repetitious and frivolous filings. "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Frivolous filing behavior cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases).

Respondent, *pro se* litigant Raj Patel, has filed no fewer than **twenty-eight** actions and appeals in federal courts in the last four years – eight in this Court alone.[1] Proceeding *in forma*

---

[1] *See Patel v. Biden*, No. 1:22-cv-00465 (S.D. Ind. March 24, 2022) (dismissed as frivolous with warning of sanctions); *Patel v. Biden*, No. 1:22-cv-00394 (D.D.C. Feb. 18, 2022) (dismissed for lack of jurisdiction), *appeal pending*, 22-507 (D.C. Cir.); *Patel v. United States*, No. 1:21-cv-02004 (Fed. Cl. Nov. 5, 2021) (dismissed as "delusional and "clearly baseless), *aff'd*, No. 22-1131 (Fed. Cir. Feb. 11, 2022); *Patel v. United States*, No. 1:21-cv-02250 (S.D. Ind. Sept. 21, 2021) (dismissed as frivolous); *Patel v. United States*, No. 2:21-cv-04160 (D. Mo. Sept. 13, 2021) (dismissed as frivolous); *Patel v. United States*, No. 1:21-cv-2263 (D.D.C. Sept. 8, 2021) (dismissed as frivolous); *Patel v. United States*, No. 2:21-cv-16029 (D.N.J. Sept. 20 , 2021) (dismissed as "plainly meritless"); *Patel v. United States*, No. 3:21-cv-628 (N.D. Ind. Oct. 7, 2021), (dismissed on plaintiff's motion); *Patel v. United States*, No. 1:21-cv-3376 (N.D. Ga. Oct. 5, 2021), (dismissed on plaintiff's motion); *Patel v. United States*, No. 1:21-cv-3335 (N.D. Ga. Oct. 5, 2021), (dismissed on plaintiff's motion); *Patel v. United States*, No. 21-cv-22729, 2021 WL 3603349, at *2 (S.D. Fla. Aug. 13, 2021) (dismissed as "patently frivolous"); *Patel v. Biden*, No. 2:21-cv-1345 (D. Nev. Aug. 9, 2021) (dismissed as frivolous and "largely delusional"); *Patel v. United States*, No. 1:21-cv-6553 (S.D.N.Y. Sept. 20, 2021), (dismissed as "frivolous" with warning of possible future sanctions); *Patel v. Biden*, No. 21-cv-1076, 2021 WL 2882481, at *1 (D.D.C. July 2, 2021) (dismissed for failure "to proffer factual allegations that are plausible"), *pet. for writ of mandamus dismissed,* No. 21-5153 (D.C. Cir. Aug. 6, 2021), *aff'd*, No. 21-5155 (D.C. Cir. Sept. 1, 2021), *reh'g en banc denied*; *Patel v. Martinez*, No. 3:21-cv-00241 (N.D. Ind. Apr. 8, 2021) (dismissed as implausible); *Patel v. Barr*, No. 1:20-cv-02567 (D.D.C. Nov. 12, 2020) (dismissed on plaintiff's motion); *Doe v. Trump Corp.*, No. 20-1706 (2d Cir. Oct. 9, 2020) (dismissing Patel's appeal of denial to intervene in other litigation), *cert. denied*, *reh'g denied*; *Patel*

*pauperis* in nearly all cases, Mr. Patel has amassed unpaid filing fees approaching $10,000.

Not one of Mr. Patel's cases has survived dismissal, which is unsurprising given the nature of his claims. Among other things, Mr. Patel has alleged that the United States government or unknown entities are targeting him with a "bio-stress weapon," that Presidents of the United States have "appropriated his intellectual property – specifically his 'word patterns' – by using 'advance[d] weaponry' with the knowledge of the F.B.I. and C.I.A," that he is a "constitutional executive" "upholding the Treaty of Paris (1783) and the United States Privileges and Immunities Clause," that he is being targeted by "a high-tech psychiatric weapon which induces stress and depression . . . similarly to the weapon that induces Havana Syndrome," and that he "saw circular objects in the shape . . . of white, translucent rings [which] came flying in from the window, some of them missed while some entered [his] nostrils." *See, e.g., Patel v. Trump*, No. 1:20-cv-00454-SEB-DML (S.D. Ind. Feb. 19, 2020); *Patel v. United States*, No. 1:21-cv-02250-RLY-MG (S.D. Ind. Sept. 21, 2021); *Patel v. Biden*, No. 1:22-cv-00465-JMS-MG (S.D. Ind. Mar. 24, 2022).

Courts have repeatedly found Mr. Patel's claims frivolous, baseless, and delusional. And at least three Courts, including this Court and the Seventh Circuit Court of Appeals, have warned him that he may be sanctioned for filing frivolous actions. *See Patel v. Patel*, 834 Fed. App'x 244, 245 (7th Cir. 2021); *Patel v. Biden*, No. 1:22-cv-00465-JMS-MG (S.D. Ind. Mar. 24, 2022); *Patel v. United States*, No. 1:21-cv-2250-RLY-MG (S.D. Ind. Sept. 21, 2021); *Patel v. United States*, No. 1:21-cv-6553 (S.D.N.Y. Sept. 20, 2021).

---

*v. Patel*, No. 1:20-cv-01772 (S.D. Ind. Sept. 1, 2020) (dismissed for failure to state a claim and lack of jurisdiction), *aff'd*, 834 Fed. App'x 244 (7th Cir. 2021) (warning of possible sanctions for filing frivolous appeals); *Patel v. United States,* No. 1:20-cv-02219 (S.D. Ind. Aug. 20, 2020) (dismissed as frivolous); *Patel v. Trump*, 1:20-cv-758 (S.D. Ind. Apr. 14, 2020) (dismissed as frivolous); *Patel v. Trump*, No. 1:20-cv-00454, 2020 WL 819680, at *2 (S.D. Ind. Feb. 19, 2020) (dismissed as "frivolous and [] entitled to no further judicial time"); *Patel v. Federal Bureau of Investigation*, No. 1:18-cv-03441 (S.D. Ind. Nov. 13, 2018 (dismissed for lack of subject matter jurisdiction); *Patel v. Federal Bureau of Investigation*, No. 1:18-cv-03442 (S.D. Ind. Nov. 13, 2018) (dismissed for lack of subject matter jurisdiction noting "a complete absence of a plausible federal claim").

The matter of Mr. Patel's filing practices is now before the undersigned Chief Judge of this Court for a determination of what sanction, if any, is appropriate. The Court finds that Mr. Patel's repeated filing of meritless lawsuits has consumed an inordinate amount of Court resources for no apparent purpose. The Court further finds that, in light of Mr. Patel's disregard of the Court's warnings and his *in forma pauperis* status, the only effective sanction is to restrict Mr. Patel's ability to file new cases in this Court.

Accordingly, pursuant to this Court's inherent authority to prevent the abuse of the legal process, protect the limited resources of the judicial system, and promote the interests of justice,

**IT IS NOW ORDERED** that Raj Patel is **PROHIBITED** from filing new lawsuits in this Court. The Court imposes the following strictures on Mr. Patel's future filings:

1. The Clerk shall open a miscellaneous case with the general title "In re Raj Patel." A copy of this Order shall be docketed in the miscellaneous case.

2. Whenever Mr. Patel, whether using that name or some other name, proffers a new document for filing, he must include a separate motion seeking leave to file the document notwithstanding this Order. The Clerk or his designated deputy shall accept the papers, stamp them "received" (rather than "filed") and docket them as a "submission" in the miscellaneous case.

3. The Court will examine any documents tendered by Mr. Patel and determine whether or not they should be filed.

4. If the Court enters an order granting leave to file the materials, the Clerk shall cause the materials to be processed in accord with the order which is issued.

5. This screening requirement shall not apply to the following: filings in cases currently pending in this Court as of this date; one notice of appeal to this order and to any final judgement in this Court; filings in a criminal prosecution in which Mr. Patel represents himself as a defendant; and actions for habeas corpus.

6. Mr. Patel may seek modification or rescission of this Order after two years from the date of the Order.

7. This Order may be modified as the requirements of equity may demand.

Nothing in this Order shall be construed to restrict in any way the powers of a Judge under the Local Rules or the Federal Rules of Civil Procedure, or a Judge's inherent power to manage litigation before him or her.

**SO ORDERED.**

Date: 3/28/2022

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution by U.S. Mail:

Raj Patel
1239 Spring Lake Drive
Brownsburg, IN 46112

Raj Patel
6850 East 21st St.
Indianapolis, IN 46219