# Exhibit D

MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision is not binding precedent for any court and may be cited only for persuasive value or to establish res judicata, collateral estoppel, or law of the case.

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Raj K. Patel<br>Indianapolis, Indiana | Holly H. Campbell<br>Bryan Cave Leighton Paisner LLP<br>Chicago, Illinois<br><br>Jason Mollick<br>Wilson Sonsini Goodrich & Rosati, P.C.<br>New York, New York |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Raj K. Patel,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Alphabet Inc. and Google LLC,<br>*Appellees-Defendants* | June 19, 2023<br><br>Court of Appeals Case No. 23A-CT-126<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Cynthia J. Ayers, Judge<br><br>Trial Court Cause No. 49D04-2208-CT-25970 |

**Memorandum Decision by Judge Weissmann**
Judges Riley and Bradford concur.

**Weissmann, Judge.**

[1]　Raj K. Patel *pro se* sued Alphabet Inc. and Google LLC (collectively, Google) after his computer search on Google's search engine was unfruitful. Patel claimed that the companies were censoring information and restricting his religious liberties. The trial court granted Google's motion to dismiss, and Patel appeals that judgment. We affirm, concluding Patel's complaint fails to state any claim upon which relief can be granted.

## Facts

[2]　Patel's complaint against Google alleged, among other things, that Google was censoring information and interfering with Patel's religious liberties by hiding information about the British Prime Minister's "caste background." Appellant's App. Vol. II, pp. 68-85. The trial court granted Google's motion to dismiss.

[3]　Google sought dismissal on two bases. First, it claimed that Patel's complaint failed to state a claim on which relief can be granted because it "alleges no facts suggesting that Google censored the content [Patel] seeks on the internet" and Patel "has no legal or contractual right to access any content he wants through Google's service." Appellees' App. Vol. II, p. 11. Second, Google claimed that Patel's "claims are barred as a matter of law by the immunities afforded to interactive computer service providers under Section 230 of the federal Communications Decency Act, 47 U.S.C. § 230." *Id.* The trial court's order of dismissal did not state the rationale for its decision.

## Discussion and Decision

[4] Patel claims the trial court erroneously dismissed his claim with prejudice under Indiana Trial Rule 12(B)(6), which authorizes a defendant to seek dismissal when the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss under this rule tests the legal sufficiency of the plaintiff's claim rather than the facts supporting it. *Bellwether Props. LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 466 (Ind. 2017).

[5] We review a Rule 12(B)(6) dismissal de novo. *Payne-Elliott v. Roman Cath. Archdiocese of Indpls., Inc.*, 193 N.E.3d 1009, 1013 (Ind. 2022). We "take the facts alleged in the complaint as true, consider all complaint allegations in the light most favorable to the nonmoving party, and draw every reasonable inference in that party's favor." *Residences at Ivy Quad Unit Owners Ass'n, Inc. v. Ivy Quad Dev., LLC*, 179 N.E.3d 977, 981 (Ind. 2022).

[6] "Ultimately, we must determine whether the nonmovant has 'stated some factual scenario in which a legally actionable injury has occurred.'" *Id.* (quoting *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 134 (Ind. 2006)). Dismissal is proper where it is apparent that the allegations of the complaint "are incapable of supporting relief under any set of circumstances." *City of E. Chi. v. E. Chi. Second Century, Inc.*, 908 N.E.2d 611, 617 (Ind. 2009) (quoting *Couch v. Hamilton Cnty.*, 609 N.E.2d 39, 41 (Ind. Ct. App. 1993)). Applying this standard, we conclude that dismissal of Patel's frivolous complaint was proper and any error in specifying the dismissal was "with prejudice" was harmless.

## I. Alleged Censorship and Contract Violation

[7]     The gist of Patel's complaint is that he was injured because he could not find specified content on Google's search engine or other companies' search engines. Patel's complaint assumes he was entitled to this information and that the unavailability of the information stemmed from Google's censorship that allegedly violated Patel's legal, contractual, and religious rights.

[8]     Both in the trial court and on appeal, Patel has failed to allege any facts which would support his accusations of censorship. As Google notes, "Just because content does not appear in Google search results does not mean that Google removed it, and . . . Google does not control 'other search engines' or what others post elsewhere online." Appellees' Br., pp. 21-22.

[9]     Nor would a showing of censorship advance Patel's claim. Through Google's Terms of Service, to which Patel consented, Google expressly disclaims any obligation to render information available on its search engine:

> To the extent allowed by applicable law, we provide our services "as is" without any express or implied warranties, including the implied warranties of merchantability, fitness for a particular purpose, and non-infringement. For example, we don't make any warranties about the content or features of the services, including their accuracy, reliability, availability, or ability to meet your needs.

Appellant's App. Vol. II, p. 98.

[10]   Patel does not counter this disclaimer on any non-frivolous basis. He has thus failed to allege any basis for finding that he had any right to the information he sought on Google's search engine or that Google was precluded from rendering such information unavailable even if it had done so. The trial court properly dismissed Patel's complaint because it fails to state a claim upon which relief can be granted. *See Trail,* 845 N.E.2d at 135-141 (affirming Rule 12(B)(6) dismissal when plaintiff failed to provide authority or supporting facts establishing alleged contractual relationship or tortious conduct).

## II.  Dismissal With Prejudice

[11]   We next consider whether the trial court erred in dismissing Patel's complaint with prejudice. Trial Rule 12(B) provides that "[w]hen a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule[,] the pleading may be amended once as of right . . . ." Therefore, a Rule 12(B)(6) dismissal is typically without prejudice because the complaining party remains able to file an amended complaint. *Baker v. Town of Middlebury*, 753 N.E.2d 67, 74 (Ind. Ct. App. 2001).

[12]   The normal remedy for a dismissal "with prejudice" under Rule 12(B)(6) is remand when the litigant shows prejudice. *Id.* at 74 n.5. "Just as an offer of proof allows this court to determine the admissibility of evidence and the potential for prejudice if it is excluded, we likewise need specific information as to how [the plaintiff] would have amended his complaint to make a rational assessment of whether he was prejudiced by the trial court's ruling." *Id.* at 74. Patel has not shown how he would have amended his complaint to state a

claim upon which relief could be granted; thus, he has failed to show prejudice. Accordingly, any error in denoting the dismissal as "with prejudice" was harmless.[1]

[13] Affirmed.

Riley, J., and Bradford, J., concur.

---

[1] Given this disposition, we need not decide whether dismissal was proper on any other basis. We also do not address whether sanctions are appropriate here because Google does not seek them.

But we note that Patel is no stranger to court sanctions. After Patel filed more than two dozen frivolous lawsuits in federal court and failing to pay thousands of dollars in sanctions, the United States District Court for the Southern District of Indiana restricted his ability to file new cases. *See Patel v. Univ. of Notre Dame du Lac*, 2023 WL 2387220, *1 (7th Cir. 2023). The U.S. Court of Appeals for the Seventh Circuit threatened sanctions after Patel filed a frivolous appeal. *Patel v. Patel*, 834 F.App'x 244, 245 (7th Cir. 2021).

Patel then began filing lawsuits in the Indiana state courts. In one of those state court complaints, which was dismissed by the trial court, Patel alleged injury from the appearance of the word "LOSE" on a United Parcel Service internet page that recorded document deliveries. *Patel v. United Parcel Servs., Inc.*, 207 N.E.3d 1218 (Ind. Ct. App. 2023) (mem.) (dismissing appeal). He appealed that judgment, leading this Court to warn that "[i]f Patel continues his prolific and abusive litigation, he may well face sanctions in the future." *Id.* We reiterate that warning here.