# Exhibit E

Filed: 3/27/2023 10:27 AM

# IN THE INDIANA COURT OF APPEALS
## CAUSE NO. 23A-CT-00126

| | | |
|---|---|---|
| THE EXCELLENT THE EXCELLENT, RAJ K. PATEL, | ) ) ) | Appeal from the Marion County Superior Civil Court D04 |
| Appellant-Plaintiff, | ) ) | Trial Court |
| v. | ) ) | Case No.: 49D04-2208-CT-025970 |
| ALPHABET INC. and GOOGLE LLC, | ) ) ) | The Honorable Cynthia Ayers Judge. |
| Appellees-Defendants. | ) ) | |

---

## BRIEF OF APPELLEES
## ALPHABET INC. AND GOOGLE LLC

---

Holly H. Campbell (33761-45)
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Ste. 4300
Chicago, Illinois 60601
Telephone: (312) 602-5154
Facsimile: (312) 698-7473
holly.campbell@bclplaw.com

Jason Mollick (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Fl.
New York, New York 10019
Telephone: (212) 497-7700
Facsimile: (212) 999-5899
jmollick@wsgr.com

*Counsel for Appellees-Defendants*

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................... 7

STATEMENT OF ISSUES .................................................... 10

STATEMENT OF CASE ........................................................ 11

STATEMENT OF FACTS ...................................................... 13

SUMMARY OF ARGUMENT ............................................... 15

STANDARD OF REVIEW ..................................................... 18

ARGUMENT .......................................................................... 19

I.   THE COMPLAINT FAILS TO STATE A CLAIM ON
WHICH RELIEF CAN BE GRANTED .......................... 19

  A.   Patel Alleges No Facts Suggesting That Google
"Censored" The Content He Seeks .......................... 20

  B.   Patel Has No Underlying Legal or Contractual Right to
Access Any Content He Wants Through Google's
Service .................................................................... 22

II.   PATEL'S LAWSUIT IS BARRED BY SECTION 230 OF
THE COMMUNICATIONS DECENCY ACT ................ 28

  A.   Section 230(c)(1) Bars Patel's Claims Because He Seeks
to Hold Google Liable for Its Alleged Decisions As a
Publisher ................................................................. 28

  B.   In Addition, Section 230(c)(2) Bars Patel's Claims
Because Google Is Entitled to Moderate Content on Its
Platform .................................................................. 31

III.   THE TRIAL COURT APPROPRIATELY DISMISSED
PATEL'S COMPLAINT WITH PREJUDICE ................ 33

CONCLUSION ...................................................................... 35

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Allison v. Union Hosp., Inc.*,
  883 N.E.2d 113 (Ind. Ct. App. 2008) ................................................24

*Bellows v. Bd. of Comm'rs of Cnty. of Elkhart*,
  926 N.E.2d 96 (Ind. Ct. App. 2010) ................................................18

*Carma Devs. (Cal.), Inc. v. Marathon Dev. California, Inc.*,
  2 Cal. 4th 342 (1992) ................................................24

*Crystal Valley Sales, Inc. v. Anderson*,
  22 N.E.3d 646 (Ind. Ct. App. 2014) ................................................21, 22

*Daniels v. Alphabet Inc.*,
  2021 U.S. Dist. LEXIS 64385 (N.D. Cal. Mar. 31, 2021) ................30, 32

*Daniels v. Alphabet Inc.*,
  2023 U.S. Dist. LEXIS 38942 (N.D. Cal. Mar. 8, 2023) ................26, 33

*Domen v. Vimeo, Inc.*,
  433 F. Supp. 3d 592 (S.D.N.Y. 2020), *aff'd on other grounds*,
  2021 U.S. App. LEXIS 28995 (2d Cir. Sept. 24, 2021), *cert.
  denied*, 142 S. Ct. 1371 (2022) ................................................32, 33

*Ebeid v. Facebook, Inc.*,
  2019 WL 2059662 (N.D. Cal. May 9, 2019) ................................................24

*Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*,
  946 F.3d 1040 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 13 (2020) ................31

*Extra Energy Coal Co. v. Diamond Energy & Res., Inc.*,
  467 N.E.2d 439 (Ind. Ct. App. 1984) ................................................21

*Fair Hous. Council v. Roommates.com, LLC*,
  521 F.3d 1157 (9th Cir. 2008) ................................................29

*Freedom Watch, Inc. v. Google, Inc.*,
  368 F. Supp. 3d 30 (D.D.C. 2019), *aff'd*, 816 F. App'x 497 (D.C.
  Cir. 2020), *cert. denied*, 141 S. Ct. 2466 (2021) ................................................25

*Green v. Am. Online (AOL)*,
  318 F.3d 465 (3d Cir. 2003) ................................................29

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

*Green v. YouTube, LLC,*
  2019 U.S. Dist. LEXIS 55577 (D.N.H. Mar. 13, 2019), *R&R
  adopted*, 2019 U.S. Dist. LEXIS 54101 (Mar. 29, 2019)............................30, 31

*House of Prayer Ministries, Inc. v. Rush Cnty. Bd. of Zoning Appeals*,
  91 N.E.3d 1053 (Ind. Ct. App. 2018) ...................................................27

*Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*,
  515 U.S. 557 (1995)............................................................................26

*Lancaster v. Alphabet Inc.*,
  2016 U.S. Dist. LEXIS 88908 (N.D. Cal. July 8, 2016) ....................................30

*Langdon v. Google, Inc.*,
  474 F. Supp. 2d 622 (D. Del. 2007)....................................................27

*Lei Shi v. Cecilia Yi*,
  921 N.E.2d 31 (Ind. Ct. App. 2010) ......................................................19, 22, 23

*Lewis v. Google LLC*,
  461 F. Supp. 3d 938 (N.D. Cal. 2020), *aff'd,* 851 F. App'x 723 (9th
  Cir. 2021), *cert. denied,* 142 S. Ct. 434 (2021) ....................................24

*Manhattan Cmty. Access Corp. v. Halleck*,
  139 S. Ct. 1921 (2019)..........................................................................25

*Miami Herald Publ'g Co. v. Tornillo*,
  418 U.S. 241 (1974)..............................................................................26

*Miller v. Fed. Express Corp.*,
  6 N.E.3d 1006 (Ind. Ct. App. 2014) ....................................................29

*Mishiyev v. Alphabet, Inc.*,
  444 F. Supp. 3d 1154 (N.D. Cal. 2020), *aff'd*, 857 F. App'x 907
  (9th Cir. 2021), *cert. denied*, 142 S. Ct. 873 (2022)...........................23

*Morrison v. Am. Online, Inc.*,
  153 F. Supp. 2d 930 (N.D. Ind. 2001) ................................................29

*NetChoice, LLC v. Att'y Gen., Fla.*,
  34 F.4th 1196 (11th Cir. 2022) ...........................................................25, 26

*Patel v. Biden et al.*,
  No. 1:22-cv-00465-JMS-MG (S.D. Ind. Mar. 24, 2022), ECF No. 5 .................7

*Patel v. Patel*,
  834 F. App'x 244 (7th Cir. 2021) .........................................................7

4

*Patel v. United States*,
No. 1:21-cv-02263 (D.D.C. Sept. 8, 2021), ECF No. 7 ........................................7

*Patel v. United States*,
No. 1:21-cv-06553-LTS (S.D.N.Y. Sept. 20, 2021), ECF No. 16 .......................7

*Patel v. United States*,
No. 2:21-cv-16029-SDW-CLW (D.N.J. Sept. 20, 2021), ECF No.
12 ..........................................................................................................................7

*In re Patel*,
No. 1:22-mc-0024-TWP (S.D. Ind. Mar. 28, 2022), ECF No. 1 ..............7, 20, 34

*Prager Univ. v. Google LLC*,
2019 Cal. Super. LEXIS 2034 (Super. Ct. Santa Clara Nov. 19,
2019) ....................................................................................................................30

*Prager Univ. v. Google LLC*,
951 F.3d 991 (9th Cir. 2020) ..............................................................................25

*Raj K. Patel v. The United Parcel Services, Inc.*,
No. 22A-CT-2627, Memorandum Decision (Ind. Ct. App. Mar. 22,
2023) ......................................................................................................................7

*Raj K. Patel v. United States*,
No. 2023-1325, 2023 U.S. App. LEXIS 5374 (Fed. Cir. Mar. 7,
2023) ......................................................................................................................7

*Sims v. Beamer*,
757 N.E.2d 1021 (Ind. Ct. App. 2001) ...............................................................19

*Song fi Inc. v. Google, Inc.*,
108 F. Supp. 3d 876 (N.D. Cal. 2015) ................................................................23

*Trail v. Boys & Girls Clubs Nw. Ind.*,
845 N.E.2d 130 (Ind. 2006) ..........................................................................18, 19

*Tulsi Now, Inc. v. Google, LLC*,
2020 U.S. Dist. LEXIS 41673 (C.D. Cal. Mar. 3, 2020) ....................................25

*Turner Broad. Sys., Inc. v. FCC*,
512 U.S. 622 (1994) ............................................................................................26

*Zango, Inc. v. Kaspersky Lab, Inc.*,
2007 U.S. Dist. LEXIS 97332 (W.D. Wash. Aug. 28, 2007), *aff'd*,
568 F.3d 1169 (9th Cir. 2009) ............................................................................31

*Zavodnik v. Harper*,
17 N.E.3d 259 (Ind. 2014) ..................................................................................34

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

*Zeran v. Am. Online, Inc.*,
   129 F.3d 327 (4th Cir. 1997) ...............................................................29

*Zhang v. Baidu.com Inc.*,
   10 F. Supp. 3d 433 (S.D.N.Y. 2014) ...................................................26

**Statutes**

47 U.S.C. § 230 .............................................................................*passim*

I.C. § 34-13-9-6 ....................................................................................27

I.C. § 34-13-9-8 ....................................................................................27

I.C. § 34-13-9-9 ..............................................................................17, 27

**Rules**

Ind. Trial Rule 12(B)(6) ...................................................................11, 18

Ind. Trial Rule 56(B) .......................................................................18, 33

## INTRODUCTION

Plaintiff Raj K. Patel ("Patel") is a recognized vexatious litigant. He has been prohibited from filing new lawsuits in the Southern District of Indiana and warned about his waste of judicial resources in numerous other courts—including this Court just a few days ago. *Raj K. Patel v. The United Parcel Services, Inc.*, No. 22A-CT-2627, Memorandum Decision (Ind. Ct. App. Mar. 22, 2023) (dismissing appeal and warning "[i]f Patel continues his prolific and abusive litigation, he may well face sanctions in the future"). In the last four years he has filed approximately 30 *pro se*, *in forma pauperis* actions and appeals in federal courts, nearly all of which have been dismissed out of hand. Courts have repeatedly found these lawsuits to be "frivolous, baseless, and delusional."[1] This case is more of the same. The trial court

---

[1] Order Restricting New Filings, *In re Patel*, No. 1:22-mc-0024-TWP (S.D. Ind. Mar. 28, 2022), ECF No. 1 at 1-2 (noting that Patel had, at that point, filed at least 28 actions in federal court, amassed nearly $10,000 in unpaid filing fees, and that "Courts have repeatedly found Mr. Patel's claims frivolous, baseless, and delusional" – including "that the United States government or unknown entities are targeting him with a 'bio-stress weapon,' that Presidents of the United States have 'appropriated his intellectual property' – specifically his 'word patterns,'" "that he is a 'constitutional executive,'" and "that he is being targeted by 'a high-tech psychiatric weapon which induces stress and depression'"); *see also, e.g.*, *Patel v. Patel*, 834 F. App'x 244, 245 (7th Cir. 2021) (warning Patel of risk of sanctions for filing "frivolous" appeal); *Patel v. Biden et al.*, No. 1:22-cv-00465-JMS-MG (S.D. Ind. Mar. 24, 2022), ECF No. 5 (dismissed as frivolous with warning of sanctions); *Patel v. United States et al.*, No. 1:21-cv-02263 (D.D.C. Sept. 8, 2021), ECF No. 7 (dismissed as frivolous); *Patel v. United States et al.*, No. 2:21-cv-16029-SDW-CLW (D.N.J. Sept. 20, 2021), ECF No. 12 at 3 (dismissed as "plainly meritless"); *Patel v. United States et al.*, No. 1:21-cv-06553-LTS (S.D.N.Y. Sept. 20, 2021), ECF No. 16 (dismissing as "frivolous" with warning of sanctions; *Raj K. Patel v. United*

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

was correct to dismiss it.

Patel is suing Google and its parent company, Alphabet, because he was unable to find unspecified content that he hoped to locate through Google's search engine. For that reason alone, Patel speculates that Google must have "censored" the information. Patel claims that this "censorship" violated his so-called legal and contractual "rights" to access whatever information he wants to find on Google's private platform. And because he could not find that information, he says he was damaged to the tune of *$112 million*. To recite the claim is to refute it.

The Complaint consists of 29 "claims," many of which include sub-claims under the statutes of a dozen or more different states. It is incoherent, does not contain a "short" or "plain" statement of any cognizable cause of action, and fails to state a claim on which relief can be granted. Patel's appeal brief fares no better. It contains 50 pages of confused arguments, irrelevant citations, and misapplied legal phrases that have nothing to do with this case or the reasons why it was dismissed. At no point in the brief does Patel address, even indirectly, the multitude of reasons why his Complaint fails as a matter of law.

For one, Patel does not allege a single concrete fact indicating that Google actually "censored" the information he sought to find through its search engine. To

---

*States*, No. 2023-1325, 2023 U.S. App. LEXIS 5374, at *2 (Fed. Cir. Mar. 7, 2023) (dismissing appeal as "clearly baseless" and warning "that future abuse of the judicial process through frivolous appeal may result in sanctions").

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

the contrary, Patel concedes in his Complaint that he was unable to find that information through *any* search engine (not just Google's), thus indicating that the information does not exist at all or is simply not available on the internet. Indeed Patel does not point to any third-party website where the content resides, but that Google refused to display or link to through its search engine.

Even if Google did theoretically remove this unknown content from search results, the Complaint is fundamentally flawed as a matter of law, and no further pleadings or amendment could change the outcome. The entire case is premised on the notion that Google is a "quasi-governmental entity," and that Patel is entitled by law to find whatever content he wants on its website. Put another way, Patel believes that if he searches for something on Google and cannot find it, that means Google must have "censored" it in violation of his legal, contractual, and religious "rights." That, of course, is nonsense: Google is a private entity, not a state actor, and is free to exercise editorial control over the content that appears on its service. Google's editorial discretion is guaranteed not only by the First Amendment, but also by the very Terms of Service ("TOS") to which Patel admits he agreed (and even attached to his Complaint). The TOS expressly *disclaims* a guarantee that any particular information will be made available through Google's search engine, and it reserves Google's right to remove content in its sole discretion.

Furthermore, Patel's claims are squarely barred by Section 230 of the federal

9

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

Communications Decency Act ("CDA"), 47 U.S.C. § 230 ("Section 230"), which immunizes online services like Google from any lawsuits that seek to hold it liable for decisions it makes as a publisher of third-party content—including whether to publish, remove, or restrict content provided by others. Google's alleged decision not to display the content desired by Patel is, if true, a classic example of an exercise in publisher discretion that is safeguarded by Section 230, requiring dismissal of his claims with prejudice.

In short, Patel has no underlying right to find anything he wants on Google. For these reasons and more, the trial court properly dismissed the Complaint with prejudice. This Court should affirm.

## STATEMENT OF ISSUES

1.      Whether Patel alleges facts, sufficient to withstand a motion to dismiss, indicating that Google "censored" access to existing online content.

2.      Whether Patel is entitled by law or by contract to access any content that he desires, including "religious" content, through Google's privately-operated search engine.

3.      Whether Patel's lawsuit arising from Google's alleged decision to remove or restrict access to certain third-party content is barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

## STATEMENT OF CASE

Patel, proceeding *pro se*, filed his Complaint on August 2, 2022, against Appellees-Defendants Google LLC and its parent company, Alphabet Inc. He was granted *in forma pauperis* status on August 29, 2022. His Complaint asserts 29 numbered claims referencing a grab bag of different state laws, including (among many others) violations of "all state RFRA laws," "Extreme Emotional Distress," "Negligent Entrustment," "Intentional Infliction of Emotional Distress," "Breach of Confidence and Trust," "Parasitic Damages," "Breach of Express Contract," and "Causation." Appellant's App. Vol. II pp. 68-85. Patel noticeably avoids bringing any federal claims, presumably to avoid removal to the Southern District of Indiana where (as noted above) the court declared him a vexatious litigant. He also avoids specifying any monetary damages in the Complaint, again presumably to avoid removal based on diversity jurisdiction. However, in his appeal brief, Patel claims that his damages amount to $112 million. Br. at 13.

On September 23, 2022, Defendants filed a motion to dismiss all claims with prejudice under Indiana Trial Rule 12(B)(6), on two grounds:

1) The Complaint fails to state a claim on which relief can be granted, as Plaintiff (a) alleges no facts suggesting that Google censored the content he seeks on the internet and, (b) in any event, has no legal or contractual right to access any content he wants through Google's service.

11

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

2)    Alternatively, Plaintiff's claims are barred as a matter of law by the immunities afforded to interactive computer service providers under Section 230 of the federal Communications Decency Act, 47 U.S.C. § 230.

Appellees' App. Vol. II p. 11.

Patel filed his opposition just three days later, on September 26, 2022, including a one-page cross-motion for summary judgment demanding an award of $60 million. Appellees' App. Vol. II pp. 28, 43-44. Plaintiff submitted no evidence supporting his claims or the requested relief—indeed, Defendants had yet to file an answer, and there had been no discovery of any kind.

On October 20, 2022, Defendants filed a motion to stay discovery pending resolution of their motion to dismiss. Defendants explained that from the moment they appeared in the action, Patel had barraged their counsel and Google's CEO with threats to use discovery to harass them, outrageous settlement demands, and other bizarre statements. *See, e.g.*, Appellees' App. Vol. II pp. 102-103 (threatening to "hook them up to favorabbiliy dectors, organism, homosexual decror, lie detectors, and cockdars, and explore their fantasies for each other together") [sic]; *id.* at pp. 109-110 (offering a "noticeable break" on his settlement demand of $60 million because his "baby puppy … needs a better place to live"); *id.* at p. 112 (copying Google's CEO and asking "Is Sundar against dogs like Muslims? That's why he won't accept my settlement offer?"). The trial court granted Defendants' motion.

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

Appellees' App. Vol. II pp. 115-116.[2]

The trial court heard oral argument concerning Defendants' motion to dismiss on November 29, 2022, after which it ordered the parties to submit proposed findings of fact and conclusions of law. Appellees' App. Vol. II p. 117. On January 4, 2023, the court granted Defendants' motion in full and dismissed the case with prejudice. Appellees' App. Vol. II p. 118. Patel filed a motion for reconsideration the next day, which the court denied on January 18, 2023. Appellant's App. Vol. II p. 18. Patel immediately filed a notice of appeal. Appellees' App. Vol. II p. 119-122.

## STATEMENT OF FACTS

Plaintiff Raj K. Patel is a citizen of Indiana. He alleges that he is a "lifelong user of Google" and admits that he has "agreed to in-fact and in-law" with Google's policies and Terms of Service, which he attached to his Complaint. Appellant's App. Vol. II p. 67, ¶¶ XI, XII, XV, XVI and pp. 89-104; *see also* Br. at 18 (admitting that he and Google "are in a contract-in-fact for the use of Google Search as described in the Terms of Service"). Patel claims that Google somehow "violated [his] religious free exercise by regulating, censoring, and 'spinning' caste information, including of Rishi Sunak," now Prime Minister of the United Kingdom. Appellant's

---

[2] Defendants' counsel and executives continue to receive harassing emails from Patel on a weekly or daily basis. Defendants provided a sample of these communications in their Response to Plaintiff's Objection to Order Granting Petition for Temporary Admission, filed in this appeal on February 16, 2023.

13

App. Vol. II p. 63.

Patel alleges that he discovered this so-called "censorship" in the course of briefing a petition for writ of certiorari to the United States Supreme Court concerning a "stress weapon," which he alleges has been used against him. Appellant's App. Vol. II p. 66, ¶¶ V-VI. Specifically, he claims that he "searched the caste background of a couple of people," but "noticed that no reliable source was found over Google and other search engines." *Id.* at p. 66, ¶¶ VI-VII; *see also* Br. at 19-20 (alleging that Google did not display caste information that, in his view, was sufficiently "reliable"). Patel found this "unusual." Appellant's App. Vol. II p. 66, ¶ VIII. From there, he leaps to the extraordinary conclusion that Google must have deliberately "cens[ored]" the information—notwithstanding the fact that, by his own admission, he was also unable to find the same information on "other search engines" as well. *Id.* at p. 66, ¶¶ VII-IX.

Patel attributes this supposed "censorship" to Google's privacy policy, including policies against publishing individuals' religious and other private information. Appellant's App. Vol. II p. 66, ¶ IX and pp. 105-136; *see also* Br. at 19 (alleging that Google did not display the information he sought due to Google's policy of having "Respect for Others"). Among other bizarre claims, Patel alleges that Google's supposed policy of "spinning, censorship, regulation, and moderation of caste information, throughout the globe, affects my religious free exercise,

14

including religious-erotic pleasure[.]" Appellant's App. Vol. II p. 67, ¶¶ XVII, XVIII, X.

## SUMMARY OF ARGUMENT

The central thesis of Patel's Complaint is that he is entitled by law to find any content he wants on Google's privately-owned search engine. Patel believes that if he searches for something on Google and cannot find it, that means Google must have censored it in violation of his legal, contractual, and "religious" rights. These claims are factually and legally frivolous for a number of reasons—none of which is addressed in Patel's appeal brief.

As an initial matter, the Complaint fails to allege any facts giving rise to a cognizable claim against either Defendant. Alphabet's only connection to the dispute is as the parent company of Google, which is not a basis for including Alphabet in this lawsuit. Patel alleges no wrongdoing by Alphabet, and alleges no facts suggesting that Alphabet and Google are alter-egos.

As to Google, Patel does not allege a single, concrete fact indicating that Google removed or restricted the content that he hoped to find. He relies entirely on rank speculation that Google must have "censored" the content simply because he could not find it. Patel does not specify what information he sought through Google's search engine, how he attempted to search for that information, or what he did or did not find. He also does not point to any third-party URL where the content resides,

but that Google refused to display through its search engine. Patel even fails to allege facts suggesting that the content exists at all. Indeed, the Complaint makes clear he was unable to find the desired content on *any* search engine, suggesting the content is simply not available on the internet. Such conclusory and speculative allegations are insufficient to survive a motion to dismiss.

Even if Patel could allege that Google removed specific content from its search results (which he does not), his claims would still fail as a matter of law because he has no contractual or legal right to access any content he wants through Google's privately-owned service. Patel does not identify any provision in the Google Terms of Service, or in any other principle of law, that guarantees Google will be his source of whatever information he hopes to find on the internet. To the contrary, the TOS expressly states that Google does not warrant the "content or features" of its services, including their "accuracy, reliability, availability, or ability to meet [a user's] needs." Google also expressly "reserve[s] the right to take down some or all" third-party content appearing on or through its platform. Thus, the TOS defeats any possible claim based on Google's removal of content, including any implied covenant claim.

Patel's claims are also independently barred by the First Amendment, which safeguards Google's right as a privately-owned platform to decide whether to publish information. Forcing Google through a lawsuit to display third-party content

16

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

would plainly violate this fundamental rule of protection under the First Amendment. Along the same lines, Google could not have violated Patel's rights under the First Amendment or the Indiana Religious Freedom Restoration Act ("RFRA"), as he claims. The First Amendment prohibits governmental abridgement of speech, not private abridgment of speech. Online services like Google are not state actors for constitutional purposes, and thus are free to exercise editorial control over the speech and speakers on their platforms. Similarly, the Indiana RFRA prohibits only a "governmental entity" from burdening a person's exercise of religion, not a private or corporate party like Google.

Patel's claims are also barred by Section 230 of the federal Communications Decency Act, 47 U.S.C. § 230. Section 230(c)(1) bars any claim that would treat the provider of an "interactive computer service" such as Google "as the publisher or speaker of any information provided by another information content provider." This provision forbids the imposition of liability on an online service provider for the exercise of its editorial and self-regulatory functions. Lawsuits (like Patel's here) which seek to hold Google liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone, or alter third-party content—are barred as a matter of law.

Section 230(c)(2) separately immunizes online service providers for "any action voluntarily taken in good faith to restrict access to or availability of material

17

that the provider ... considers to be ... objectionable, whether or not such material is constitutionally protected[.]" 47 U.S.C. § 230(c)(2)(A). This provision establishes a subjective standard whereby service providers decide what online material is objectionable. Patel does not allege that Google restricted the content he sought in bad faith—to the contrary, he alleges that Google did so pursuant to ordinary policies designed to safeguard personal and private information.

Lastly, the trial court acted properly in dismissing the case with prejudice. Even if Patel were to add factual allegations suggesting that Google removed or restricted certain content, his claims would still be barred as a matter of law by the TOS, the First Amendment, and Section 230. Moreover, Patel cross-moved for summary judgment in response to Defendants' motion to dismiss, which authorized the court under Ind. Trial Rule 56(B) to enter judgment for Defendants for the same reasons. Finally, Patel's history of vexatious litigation and abuse of the court system—including his daily harassment of Defendants and their counsel—need not have been tolerated by the court any longer.

## STANDARD OF REVIEW

A motion to dismiss under Ind. Trial Rule 12(B)(6) tests the legal sufficiency of the complaint. *Bellows v. Bd. of Comm'rs of Cnty. of Elkhart*, 926 N.E.2d 96, 110 (Ind. Ct. App. 2010). To survive dismissal, a complaint must allege "some factual scenario in which a legally actionable injury has occurred." *Trail v. Boys & Girls*

*Clubs Nw. Ind.*, 845 N.E.2d 130, 134-35 (Ind. 2006). Although the court must accept as true a complaint's factual allegations, "[it] need not accept as true allegations that are contradicted by … exhibits attached to … the pleading." *Id.* (citation omitted). "Courts also need not accept as true conclusory, nonfactual assertions or legal conclusions." *Lei Shi v. Cecilia Yi*, 921 N.E.2d 31, 37 (Ind. Ct. App. 2010).

A trial court's grant of a motion to dismiss is reviewed *de novo*. *Lei Shi*, 921 N.E.2d at 36. The Court may affirm dismissal if it is sustainable upon any theory. *Sims v. Beamer*, 757 N.E.2d 1021, 1024 (Ind. Ct. App. 2001).

## **ARGUMENT**

## I.   **THE COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

Patel's Complaint was properly dismissed because it fails to allege any legally actionable injury, and because his claims—to the extent they can be discerned at all—are foreclosed by the Google Terms of Service that he incorporated in his Complaint. Throughout his appeal brief, Patel makes sweeping assertions that the trial court should have denied Defendants' motion to dismiss and afforded him an opportunity to take discovery. Br. at 35 ("As a matter of legal right, Marion Superior 4 should have allowed the complaint and found that relief can be granted if all the alleged facts are proven."); *see also id.* at 36-43 (repeating same arguments). Patel also argues that the court should have granted his one-page cross-motion for summary judgment because Defendants "did not deny the allegations" in his

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

Complaint—forgetting that he brought that motion before Defendants had filed an answer. *Id.* at 48. Yet at no point in his brief does Patel articulate ***why*** his Complaint should have survived dismissal at the pleadings stage; nor does he even attempt to address the arguments put forth by Defendants in their motion to dismiss. For those same reasons, this Court should affirm.

### A.   Patel Alleges No Facts Suggesting That Google "Censored" The Content He Seeks

Patel drapes his Complaint and appeal brief in legalistic terms (most of which are irrelevant or misapplied), combined with conclusory assertions that Google violated his contractual and legal rights. But cleared of the noise, the only ***factual*** allegation in the Complaint is that he "searched the caste background of a couple of people" using Google's search engine and found no "reliable source" for that information on Google or any other search engine. Appellant's App. Vol. II p. 66, ¶¶ VI-IX; *see also* Br. at 19-20 (complaining that Google did not display "reliable" caste information). Patel found that to be "unusual," and speculates that Google must have "cens[ored]" the information (Appellant's App. Vol. II p. 66, ¶¶ VI-IX), thereby violating his rights to "religious free exercise, including religious-erotic pleasure, and socializing" (*id.* at p. 67, ¶ XVII). These allegations (as in Patel's dozens of other lawsuits) are plainly "frivolous, baseless, and delusional." *In re Patel*, No. 1:22-mc-00024-TWP (S.D. Ind. Mar. 28, 2022), ECF No. 1 at 2.

As to Alphabet, Patel sued it solely because it is Google's parent company,

which is not a basis for including Alphabet in this lawsuit. *See, e.g.*, *Extra Energy Coal Co. v. Diamond Energy & Res., Inc.*, 467 N.E.2d 439, 441-42 (Ind. Ct. App. 1984) ("Indiana courts are reluctant to disregard corporate identity and do so only to protect innocent third parties from fraud or injustice when transacting business with a corporate entity."). No facts are alleged as to Alphabet of any kind. Patel's claim that Alphabet and Google are "alter egos" is nothing more than a legal conclusion, supported by no facts in the Complaint. *See* Br. at 13, 18, 35, 37, 38.

As to Google, Patel alleges no facts indicating that it deliberately blocked or restricted access to the information he complains about—he simply speculates that Google must have censored the information because he was unable to find it. That is insufficient as a matter of law. *See, e.g.*, *Crystal Valley Sales, Inc. v. Anderson*, 22 N.E.3d 646, 655 (Ind. Ct. App. 2014) (conclusory allegation that defendants agreed to tortiously interfere with a contract, "based solely on the[ir] father/son relationship," was insufficient to withstand a motion to dismiss). Patel also does not allege how Google prevented him from accessing the content he seeks elsewhere on the internet, if that content even exists. Indeed, Patel admits that he could not find this information "over Google *and other search engines*," indicating that it may not be on the internet at all. Appellant's App. Vol. II p. 66, ¶ VII (emphasis added). Just because content does not appear in Google search results does not mean that Google removed it, and of course Google does not control "other search engines" or what

others post elsewhere online.

From his wholly imagined premise, Patel leaps to bizarre assertions concerning his religious beliefs—for example that Google "interfered and burdened [his] religious free exercise" and "erotic, religious pleasure" simply by declining to display (or more precisely because he cannot find) certain information on its search engine. *E.g.*, Appellant's App. Vol. II p. 67, ¶ X. Patel also alleges that Google subjected him to a "stress weapon" (*id.* at p. 66, ¶ V) and "attacked [his] hormones" (*id.* at p. 70). He does not even try to explain or justify these ravings, and the Court need not accept such "conclusory, nonfactual assertions" as true. *Crystal Valley Sales*, 22 N.E.3d at 652-53 (citation omitted); *see also Lei Shi*, 921 N.E.2d at 37.

### B.     Patel Has No Underlying Legal or Contractual Right to Access Any Content He Wants Through Google's Service

While Patel's factual premise is illogical, his legal premise is equally baseless. Even if Google had blocked or removed the content at issue from its search engine, it would not change the result: Patel does not have a legal right (under contract or any other theory) to find whatever information he wants on Google's platform.

Patel admits to having consented to Google's Terms of Service and related policies, which expressly states that Google does not warrant "THE CONTENT OR FEATURES OF THE SERVICES, INCLUDING THEIR ACCURACY, RELIABILITY, AVAILABILITY, OR ABILITY TO MEET YOUR NEEDS." Appellant's App. Vol. II p. 98 (caps in original). Google also expressly "reserve[s]

the right to take down some or all" third-party content appearing on its platform. *Id.* at p. 100. Simply put: Google cannot have deprived Patel of a right that he agreed, by contract, he never had in the first place. *See, e.g.*, *Song fi Inc. v. Google, Inc.*, 108 F. Supp. 3d 876, 884-85, 888 (N.D. Cal. 2015) (dismissing claims that YouTube wrongfully removed plaintiff's video because the Terms of Service reserve YouTube's right to remove third-party content); *Mishiyev v. Alphabet, Inc.*, 444 F. Supp. 3d 1154, 1158-60 (N.D. Cal. 2020) (same), *aff'd*, 857 F. App'x 907 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 873 (2022).[3]

In briefing below, Patel argued that Google's alleged "censorship" violated the implied covenant of good faith and fair dealing, if not the express terms of the TOS. But he does not and cannot point to a single provision in the TOS that suggests, either explicitly or implicitly, that Google undertook a contractual obligation to guarantee the existence or availability of anything he wants to find on its search engine. To the contrary, the terms expressly reserve Google's right to remove content in its discretion, and disclaim any obligation to ensure that information desired by a user will always be available. Appellant's App. Vol. II pp. 98, 100. That defeats any implied covenant claim. Under California law (which governs the TOS,

---

[3] Because Patel fails to clear even the low "notice pleading" bar, the Court need not reach other deficiencies in the Complaint's self-styled claims, including that they refer to the laws of numerous states despite the TOS's clear selection of California law. *See* Appellant's App. Vol. II p. 100.

*see* Appellant's App. Vol. II p. 100), "implied terms should never be read to vary express terms" in a contract. *Carma Devs. (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 374 (1992). Thus, even if Patel's speculation that Google removed content were correct, Google is "expressly permitted" to do precisely that. *See id.* ("We are aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement."); *see also, e.g.*, *Ebeid v. Facebook, Inc.*, 2019 WL 2059662, at *8 (N.D. Cal. May 9, 2019) ("Here, plaintiff's [implied covenant] claim fails because it is premised on … conduct that the contract expressly permits.") (applying California law); *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 962 (N.D. Cal. 2020), *aff'd,* 851 F. App'x 723 (9th Cir. 2021), *cert. denied,* 142 S. Ct. 434 (2021) (plaintiff failed to state a claim for breach of the implied covenant of good faith and fair dealing because YouTube's TOS gave it the unilateral right to remove content) (applying California law).[4]

Nor does Patel have any constitutional or other legal right to access whatever

---

[4] The same result would apply under Indiana law. In fact, Indiana generally does not recognize a covenant of good faith or fair dealing except for insurance, employment, and certain banking contracts; nor do Indiana courts extend the covenant to undermine express contractual terms like the ones here. *See, e.g.*, *Allison v. Union Hosp., Inc.*, 883 N.E.2d 113, 123 (Ind. Ct. App. 2008) ("Indiana courts have recognized an implied covenant of good faith and fair dealing in contract law, but generally only in limited circumstances involving employment contracts and insurance contracts.").

information he wants on Google's platform. Even assuming as true his speculation that Google "censored" content, the First Amendment prohibits ***governmental*** abridgement of speech, not ***private*** abridgement of speech. Courts have consistently held that privately-owned online platforms like Google are not state actors for constitutional purposes, and thus are free to "exercise editorial discretion over the speech and speakers in the forum." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1930 (2019) ("[W]hen a private entity provides a forum for speech, the private entity is not ordinarily constrained by the First Amendment because the private entity is not a state actor."); *accord, e.g.*, *Prager Univ. v. Google LLC*, 951 F.3d 991, 995 (9th Cir. 2020) ("Despite YouTube's ubiquity and its role as a public-facing platform, it remains a private forum, not a public forum subject to judicial scrutiny under the First Amendment."); *NetChoice, LLC v. Att'y Gen., Fla.*, 34 F.4th 1196, 1228 (11th Cir. 2022) (social media content moderation "is … expressive First-Amendment-protected activity"); *Freedom Watch, Inc. v. Google, Inc.*, 368 F. Supp. 3d 30, 40 (D.D.C. 2019) (holding that Google and other digital platforms are not "state actors," and dismissing complaint alleging violation of First Amendment rights based on allegations that Google suppressed certain political content), *aff'd*, 816 F. App'x 497, 499-500 (D.C. Cir. 2020) (holding that Google does not engage in state action when it moderates content on its platform), *cert. denied*, 141 S. Ct. 2466 (2021); *Tulsi Now, Inc. v. Google, LLC*, 2020 U.S. Dist. LEXIS 41673, at *6

(C.D. Cal. Mar. 3, 2020) ("Google's self-regulation, even of topics that may be of public concern, does not implicate the First Amendment."); *Daniels v. Alphabet Inc.*, 2023 U.S. Dist. LEXIS 38942, at *8-10 (N.D. Cal. Mar. 8, 2023) (awarding Google its attorneys' fees after dismissing claim that Google violated plaintiff's First Amendment rights by removing his videos from YouTube, which "clearly lacked merit and was frivolous from the outset").

Patel, in fact, has it backward. His attempt to enlist the courts in regulating content on Google would violate Google's ***own*** "exercise of editorial control and judgment" over its private platform. *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974) (statute requiring "right of reply" in newspapers for public officials held unconstitutional); *see also, e.g.*, *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 636 (1994) (cable operators engage in protected "editorial discretion" by selecting television programming); *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557, 573-74 (1995) (parade organizers engage in protected speech by selecting which marchers may participate in a parade). Forcing Google to display specific content, especially religious content, "would plainly violate[] the fundamental rule of protection under the First Amendment, that a speaker has the autonomy to choose the content of his own message." *Zhang v. Baidu.com Inc.*, 10 F. Supp. 3d 433, 440-41 (S.D.N.Y. 2014) (citation omitted); *accord NetChoice*, 34 F.4th at 1229-30 (plaintiffs showed a "substantial likelihood of success" on their

declaratory judgment claim that a state law mandating certain restrictions on content moderation violated online platforms' First Amendment rights); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 629-30 (D. Del. 2007) (First Amendment bars attempts to force Google to place certain ads in search results).

Patel also argued below that Indiana's Religious Freedom Restoration Act ("RFRA"), Ind. Code § 34–13–9–9 (2015), overrides Google's First Amendment right to decide what content to display on its platform. That makes no sense. The RFRA prohibits a "***governmental*** entity" from burdening a person's exercise of religion, not a private or corporate entity like Google. I.C. §§ 34–13–9–8, 34–13–9–9 (emphasis added); *see also House of Prayer Ministries, Inc. v. Rush Cnty. Bd. of Zoning Appeals*, 91 N.E.3d 1053, 1064 (Ind. Ct. App. 2018) (RFRA enables persons "to assert their exercise of religion as a claim or defense against government action"). Patel claims that Defendants "are government entities under the [RFRA]" (Br. at 24-25), but that is plainly not true. The statute defines a "governmental entity" as "the whole or any part of a branch, department, agency, instrumentality, official, or other individual or entity acting under color of law of … state government," "[a] political subdivision," or "instrumentality" of government. I.C. § 34–13–9–6. Google is none of those things. Thus, even if Google "censored" religious information from its platform, the Indiana RFRA creates no private right of action against it. That would be compelled religious speech in violation of Google's own

First Amendment right to moderate content on its service.

## II.   PATEL'S LAWSUIT IS BARRED BY SECTION 230 OF THE COMMUNICATIONS DECENCY ACT

Although the Court need not reach the issue, Patel's claims against Google are also barred by multiple provisions within Section 230 of the Communications Decency Act, 47 U.S.C. § 230. Even assuming Patel's allegations were true, Section 230 forecloses his claims in two independent ways: <u>first</u>, Section 230(c)(1) immunizes Google for its decisions as a publisher of third-party content; <u>second</u>, Section 230(c)(2) immunizes Google for any good faith decision it makes in moderating content on its platform.

### A.   Section 230(c)(1) Bars Patel's Claims Because He Seeks to Hold Google Liable for Its Alleged Decisions As a Publisher

Section 230(c)(1) bars any claim that would treat the provider of an "interactive computer service" "as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). "No cause of action may be brought, and no liability may be imposed under any State or local law that is inconsistent with this section." *Id.* § 230(e)(3). Congress enacted this statute to facilitate the growth of the Internet and, among other things, "to encourage service providers to self-regulate the dissemination of offensive material over their services…. In line with this purpose, § 230 forbids the imposition of publisher liability on a service provider for the exercise of its editorial and self-

regulatory functions." *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997); *see also, e.g.*, *Morrison v. Am. Online, Inc.*, 153 F. Supp. 2d 930, 933 (N.D. Ind. 2001) ("Congress felt that it was important to promote the advances made in the transfer of information via this medium and to prevent any entanglement that certain lawsuits imposed on providers of this service may cause.").

Section 230(c)(1) "creates a federal immunity" that "precludes courts from entertaining claims that would place a computer service provider in a publisher's role. Thus, lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred." *Zeran*, 129 F.3d at 330; *accord, e.g.*, *Miller v. Fed. Express Corp.*, 6 N.E.3d 1006, 1016-18 (Ind. Ct. App. 2014) (finding Section 230(c)(1) conferred immunity on network operators that displayed allegedly-defamatory third-party comments, because the "cause of action treats the defendants as publishers of the information"). The statute, that is, "forbids the imposition of publisher liability on a service provider for the exercise of its editorial and self-regulatory functions," including decisions to screen or remove unwanted content. *Zeran*, 129 F.3d at 331; *see also, e.g.*, *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157, 1170-71 (9th Cir. 2008) ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230."); *Green v. Am. Online (AOL)*,

318 F.3d 465, 470-72 (3d Cir. 2003) (CDA "specifically proscribes liability" for any claim which seeks to hold a service provider "liable for decisions relating to the monitoring, screening, and deletion of content from its network—actions quintessentially related to a publisher's role") (citation omitted).

Following these principles, courts routinely apply Section 230(c)(1) to dismiss lawsuits where plaintiffs, like Patel, complain that content has been blocked or removed from online platforms, including Google's. *See, e.g.*, *Daniels v. Alphabet Inc.*, 2021 U.S. Dist. LEXIS 64385, at *34-35 (N.D. Cal. Mar. 31, 2021) (Section 230(c)(1) bars all claims that are "premised on YouTube's removal of or restriction of access to" plaintiff's videos); *Lancaster v. Alphabet Inc.*, 2016 U.S. Dist. LEXIS 88908, at *2, *7-8 (N.D. Cal. July 8, 2016) (dismissing claims against Alphabet arising from removal of plaintiff's videos on YouTube, because "to impose liability on the basis of such conduct necessarily involves treating [YouTube] as a publisher" in violation of Section 230(c)(1)) (citation omitted); *Prager Univ. v. Google LLC*, 2019 Cal. Super. LEXIS 2034, at *19-30 (Super. Ct. Santa Clara Nov. 19, 2019) (dismissing claims that Google violated plaintiff's free speech rights under the California Constitution by restricting access to certain YouTube videos pursuant to its website policies); *Green v. YouTube, LLC*, 2019 U.S. Dist. LEXIS 55577, at *3-4, *14-15 (D.N.H. Mar. 13, 2019) (dismissing under Section 230(c)(1) complaint that YouTube blocked plaintiff's videos and closed one of his channels), *R&R adopted*,

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

2019 U.S. Dist. LEXIS 54101 (Mar. 29, 2019).

The same result is warranted here. Patel's entire basis for suing Google is that it supposedly blocked or removed links to certain content on the internet that (if it exists at all) would have been created by someone else, not Google. Even if that were true, Google's decision to remove the content he seeks is an exercise of Google's discretion as a publisher of third-party content. That discretion is expressly safeguarded by Section 230(c)(1).

### B.     In Addition, Section 230(c)(2) Bars Patel's Claims Because Google Is Entitled to Moderate Content on Its Platform

Apart from the publisher protections provided under Section 230(c)(1), Section 230(c)(2) separately immunizes interactive service providers for "any action voluntarily taken in good faith to restrict access to or availability of material that the provider … considers to be … objectionable, whether or not such material is constitutionally protected[.]" 47 U.S.C. § 230(c)(2)(A). This "provision establishes a subjective standard whereby internet users and software providers decide what online material is objectionable." *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040, 1044 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 13 (2020); *see also Zango, Inc. v. Kaspersky Lab, Inc.*, 2007 U.S. Dist. LEXIS 97332, at *11 (W.D. Wash. Aug. 28, 2007) ("Section 230(c)(2)(A) ... does not require that the material actually be objectionable; rather, it affords protection for blocking material 'that the provider or user considers to be' objectionable.") (citing statute), *aff'd*, 568 F.3d

31

1169 (9th Cir. 2009).

As with Section 230(c)(1), "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3); *see also, e.g.*, *Daniels*, 2021 U.S. Dist. LEXIS 64385, at *36-37 (dismissing complaint that "contains no plausible factual allegations suggesting that YouTube did not consider the content of the [removed] videos … contrary to its stated policies … or that it removed, restricted access to, or demonetized the videos in bad faith"); *Domen v. Vimeo, Inc.*, 433 F. Supp. 3d 592, 603-04 (S.D.N.Y. 2020) (dismissing complaint concerning removal of videos because plaintiff failed to allege any facts suggesting that defendant removed them in bad faith, rather than pursuant to its ordinary content moderation policies), *aff'd on other grounds*, 2021 U.S. App. LEXIS 28995 (2d Cir. Sept. 24, 2021), *cert. denied*, 142 S. Ct. 1371 (2022).

Setting aside the numerous deficiencies in Patel's Complaint, Google is entitled under Section 230 to "restrict … availability of material" that it "considers to be … objectionable" if it chooses to do so in good faith. 47 U.S.C. § 230(c)(2)(A). Thus, even if (per Patel's speculation) Google did decide to restrict access to certain private information about the U.K. politician that Patel hoped to find, Patel nowhere alleges facts suggesting that Google made that decision ***in bad faith***. To the contrary, he alleges that Google removed the content pursuant to its standard policies designed

to protect the private information of individuals, including their religious information. Appellant's App. Vol. II p. 66, ¶ IX; *see also* Br. at 19 (alleging that Google restricted the information in furtherance of its policy of having "Respect for Others"). As in *Daniels* and *Domen*, that is precisely the kind of subjective, good faith content moderation that Section 230(c)(2)(A) is designed to protect.

## III. THE TRIAL COURT APPROPRIATELY DISMISSED PATEL'S COMPLAINT WITH PREJUDICE

The trial court was right to dismiss Patel's complaint with prejudice, for three reasons. <u>First</u>, as set forth above, any amendment would have been futile. Even if Patel were to add factual allegations suggesting that Google actually removed or restricted content, his claims would still be barred as a matter of law by Google's Terms of Service, the First Amendment, and Section 230.

<u>Second</u>, Patel cross-moved for summary judgment in response to Defendants' motion to dismiss. Under Ind. Trial Rule 56(B), "[w]hen any party has moved for summary judgment, the court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party." The trial court was therefore permitted to enter judgment for the non-moving party—in this case, Defendants—for the same reasons set forth above.

<u>Third</u>, Patel is a federally-recognized vexatious litigant who has wasted judicial and party resources in courts throughout the country. The Southern District of Indiana notes that he has filed approximately 30 *pro se*, *in forma pauperis* actions

and appeals in federal courts in the last four years alone. "Courts have repeatedly found Mr. Patel's claims frivolous, baseless, and delusional." Order Restricting New Filings, *In re Patel*, No. 1:22-mc-0024-TWP (S.D. Ind. Mar. 28, 2022), ECF No. 1 at 2 (collecting cases). This case is no different. The Complaint is plainly frivolous, relies entirely on baseless speculation, and invokes the laws of numerous states with no discernable connection to any set of plausible facts. Moreover, Patel's abusive correspondence with Defendants demonstrates that he is using this litigation to harass Defendants and their counsel, perhaps in the hopes of securing a windfall settlement. The Indiana Supreme Court has made clear that courts need not tolerate such abuse and can fashion appropriate and "reasonable restrictions on the litigants' filings tailored to the particular abuses of that litigant," and may also "revoke a litigant's IFP status as a sanction for abusive litigation practices during a proceeding." *Zavodnik v. Harper*, 17 N.E.3d 259, 268 (Ind. 2014). Patel has clearly abused his *IFP* status in this case, and any further amendment would have only prolonged that abuse.

In short, the trial court was well within its right to dispose of this frivolous case with prejudice.[5]

---

[5] In his appeal brief Patel requests that Defendants' counsel be sanctioned for making "frivolous" and "bad faith" arguments as to why the case should be dismissed. Br. at 44-45. His request is baseless and undeserving of the Court's attention, for all the reasons explained herein.

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should affirm the trial court's decision to dismiss this case with prejudice.

Dated: March 27, 2023                    Respectfully submitted,

By: */s/ Holly H. Campbell*
Holly H. Campbell (33761-45)
BRYAN CAVE LEIGHTON PAISNER
LLP
161 North Clark Street, Ste. 4300
Chicago, Illinois 60601
Telephone: (312) 602-5154
Facsimile: (312) 698-7473
holly.campbell@bclplaw.com

Jason Mollick (*pro hac vice*)
WILSON SONSINI GOODRICH &
ROSATI, P.C.
1301 Avenue of the Americas, 40th Fl.
New York, New York 10019
Telephone: (212) 497-7700
Facsimile: (212) 999-5899
jmollick@wsgr.com

*Counsel for Appellees-Defendants*

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

## <u>WORD COUNT CERTIFICATE</u>

I verify that this brief contains no more than 14,000 words.


Dated: March 27, 2023                    */s/ Holly H. Campbell*
                                        Holly H. Campbell

                                        *Counsel for Appellees-Defendants*

BRIEF OF APPELLEES-DEFENDANTS ALPHABET INC. AND GOOGLE LLC

### <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Appellees-Defendants certifies that on this date,

a copy of the foregoing brief was filed electronically using the Efile.incourts.gov

system and was served upon Plaintiff-Appellant by depositing the same in the United

States Mail on March 27, 2023, postage prepaid, and properly addressed to:

> T.E., T.E. Raj K. Patel
> 6850 East 21st Street
> Indianapolis, Indiana 46219
> Rajp2010@gmail.com

Dated: March 27, 2023                    */s/ Holly H. Campbell*
                                         Holly H. Campbell

                                         *Counsel for Appellees-Defendants*

37