IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAJ K. PATEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-797 (MN) |
| | ) |
| ALPHABET INC, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Raj Patel, Indianapolis, Indiana – Pro Se Plaintiff.

January 4, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On July 24, 2023, Plaintiff Raj Patel filed this action against Defendants Alphabet Inc. and Google LLC. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 9). Plaintiff has filed several motions. (D.I. 13, 20, 25, 26, 27). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

I.   **BACKGROUND**

Plaintiff brings claims related to his dissatisfaction with search results on Google's search engine. For relief he seeks $336,000,000 in damages.

Plaintiff is not new to litigation. On March 28, 2022, the United States District Court for the Southern District of Indiana placed significant restrictions of Plaintiff's ability to file lawsuits in that court, noting that he had filed approximately 30 *pro se*, *in forma pauperis* actions and appeals in the previous four years, amassing nearly $10,000 in unpaid filing fees, and that courts had repeatedly found his claims "frivolous, baseless, and delusional." *In re Patel*, No. 1:22-mc-0024-TWP (S.D. Ind. Mar. 28, 2022), ECF No. 1 (collecting cases).

Furthermore, Plaintiff is not new to litigation against these Defendants concerning the allegations and claims he brings in the present suit. Indeed, Plaintiff filed a nearly identical case in Indiana state court, which was dismissed with prejudice for failure to state a claim (D.I. 7-3), and the dismissal was affirmed on appeal (D.I. 7-4). The same day Plaintiff filed this case, he also filed an essentially identical case in the United States District Court for the Northern District of California. *See Patel v. Alphabet*, 5:23-cv-03647-VKD (N.D. Ca.), ECF No. 1. That court dismissed the complaint for failure to state a claim, noting that it was unintelligible, and all the claims were clearly frivolous. *Id.*, ECF No. 11. The court, however, gave Plaintiff leave to amend. *Id.* Plaintiff filed an amended complaint, and the court again dismissed it, with leave to amend, for failure to state a claim, noting that the claims were completely frivolous and possibly malicious

1

in light of Plaintiff's voluminous active litigation. *Id.*, ECF No. 16. The same day, Plaintiff filed a second amended complaint. *Id.*, ECF No. 18. The court dismissed the second amended complaint with leave to amend, concluding that the claims were frivolous and likely malicious, but noting that the timing suggested that Plaintiff had not yet reviewed the order dismissing the first amended complaint when he filed it. *Id.*, ECF No. 20. The case is currently on appeal as Plaintiff is challenging the court's decision regarding a request to seal the case.

## II.    SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id*. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009);

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Plaintiff's complaint is largely unintelligible and fails to set forth any contract (or other) claim.  Even if this action were not subject to dismissal by way of res judicata in light of the Indiana state court action, or as duplicative of the Northern District of California action, it would be dismissed as frivolous.  Amendment is futile.

### III.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i).  Amendment is futile.  The pending motions will be denied as moot.

An appropriate Order will be entered.